Cheshire
No. 6514

ELEANOR C. NICKAS v. PAUL ANTON NICKAS

May 31, 1973

*Stanley, Tardif and Shapiro* (*Mr. R. Peter Shapiro* orally) for the plaintiff.

*Upton, Sanders & Upton* (*Mr. J. Gilbert Upton* orally) for the defendant.

GRIMES, J. In this petition to enforce an Illinois divorce decree giving plaintiff judgment for unpaid support payments, an amount for counsel fees and an alleged debt, and ordering defendant to pay $250 per month alimony, the questions raised by the transfer without ruling by *Loughlin,* J. on an agreed statement of facts are whether the Illinois court had in personam jurisdiction, whether the Illinois decree is entitled to full faith and credit, and the effect of a divorce decree in favor of this defendant in this State prior to the divorce decree in Illinois.

It is our opinion that the judgment representing unpaid alimony payments and counsel fees is entitled to full faith and credit and that the New Hampshire divorce decree has

no effect on the Illinois decree with respect to these judgments.

According to the agreed facts, Eleanor had been domiciled in Illinois for some six years prior to her marriage in Illinois to Paul on January 13, 1969. Paul had been domiciled in New Hampshire for over ten years at the time of the marriage but went to Illinois and married Eleanor and lived with her there until February 4, 1969, when he returned to New Hampshire. Eleanor remained in Illinois until April 15, 1969, when she visited Paul in New Hampshire until April 20, 1969. On May 23, 1969, Eleanor filed an action for separate maintenance in Illinois and obtained personal service on Paul in Massachusetts on June 12, 1969. Paul filed a special appearance to contest the jurisdiction of the Illinois court which, after a hearing at which Paul was represented by counsel, ruled that it had in personam jurisdiction over Paul. No appeal was taken from this ruling. Paul, although notified, was not represented at a hearing on July 2, 1969, following which the court ordered $200 a month support and $500 attorney's fees and ruled that the orders were to be in personam.

On June 27, 1969, Paul filed a libel for divorce in New Hampshire which was served in hand on Eleanor in Illinois on July 18, 1969. On July 28, 1969, a petition for injunction was served on Paul and on his attorneys. The petition sought to restrain the defendants from proceeding further with the New Hampshire libel. On August 6, 1969, the Illinois court found Paul and his lawyer in contempt, ruled that New Hampshire was to give full faith and credit to its orders and that judgment was entered for $400 past due support and $500 attorney fees. On October 22, 1969, the Illinois court found Paul in default and entered a decree of separate maintenance, gave judgment for $1,000 accrued temporary alimony due, $500 for attorney fees and also entered judgment for $925 for moneys loaned by Eleanor to Paul.

Eleanor filed no appearance in the New Hampshire divorce action and on December 2, 1969, a decree of divorce in favor of Paul became effective.

On April 22, 1970, Eleanor filed an amended and supplemental complaint for divorce in Illinois with service being

made by certified mail on Paul in Massachusetts. On May 14, 1970, the Illinois court decreed a divorce to Eleanor on the ground of desertion, entered a money judgment against Paul for $3,175, that Eleanor's lawyer be awarded $2,500 for legal services and that a money judgment be entered in his favor for that amount, and that Paul pay $250 per month alimony. Paul was not present at any of the Illinois proceedings nor was he represented by counsel except at the first hearing on the question of jurisdiction.

On August 28, 1970, Eleanor commenced the present proceedings and Paul filed the motion to dismiss which gave rise to this transfer.

The Illinois court's ruling that it had in personam jurisdiction over Paul was based on the Illinois long-arm statute. The statute provides that a person who does any of the enumerated acts submits to the jurisdiction of the Illinois courts for any cause of action arising out of the doing of the acts, and contains a section on actions for divorce and separate maintenance which reads as follows:

"(e) With respect to actions of divorce and separate maintenance, the maintenance in this State of a matrimonial domicile at the time the cause of action arose or the commission in this State of any act giving rise to the cause of action". (Ill. Ann. Stat., ch. 110 § 17 (1) (e) (1968)).

Defendant argues that the Illinois court's ruling was based upon an unconstitutional law and that it may therefore be attacked here. He urges that the acts relied on to give jurisdiction do not meet the standards required by *International Shoe Co. v. Washington,* 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154 (1945), and *Hanson v. Denckla,* 357 U.S. 235, 2 L. Ed. 2d 1283, 78 S. Ct. 1228 (1958). In the former case, it was said that there must be "sufficient contacts or ties with the state of the forum to make it reasonable and just according to our traditional conception of fair play and substantial justice to permit the state to enforce the obligations which appellant has incurred there", and "to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations,

and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can ... hardly be said to be undue". *International Shoe Co. v. Washington,* 326 U.S. at 319-20, 90 L. Ed. at 104, 66 S. Ct. at 160 (1945). In *Hanson v. Denckla,* 357 U.S. at 251, 2 L. Ed. 2d at 1296, 78 S. Ct. at 1238 (1958), the required "minimal contacts" were found lacking.

In this case, the defendant Paul went into the State of Illinois, married one of its residents and lived with her as man and wife for a period of time and then according to the findings of the Illinois court deserted her, leaving her in Illinois without support. The marriage and cohabitation were activities of which defendant purposefully availed himself, thus invoking the benefit and protection of Illinois laws. These activities gave rise to the obligations of support sought to be enforced. We think there were more than the "minimal contacts" necessary to meet the jurisdictional requirements under *International Shoe Co. v. Washington,* 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154 (1945), *Hanson v. Denckla,* 357 U.S. 235, 2 L. Ed. 2d 1283, 78 S. Ct. 1228 (1958), and *McGee v. International Life Ins. Co.,* 355 U.S. 220, 2 L. Ed. 2d 223, 78 S. Ct. 199 (1957), and that the Illinois statute is constitutional as applied to this defendant. *Cf. Hawes v. Hawes,* 130 Ill. App. 2d 546, 263 N.E.2d 625 (1970).

Also, the jurisdictional question was fully heard by the Illinois court at a hearing at which defendant was represented by counsel. The issue was decided against him and he did not appeal that ruling. He is not entitled to relitigate that issue here. *Sherrer v. Sherrer,* 334 U.S. 343, 92 L. Ed. 1429, 68 S. Ct. 1097 (1948); *Baldwin v. Iowa State Traveling Men's Ass'n,* 283 U.S. 522, 75 L. Ed. 1244, 51 S. Ct. 517 (1931).

All orders of the Illinois court sought to be enforced here arise out of the same proceeding (#69 D9450) in which that court after a hearing at which Paul was represented by counsel found and ruled that it had in personam jurisdiction over Paul. The alimony decree was made on an amended and supplemental complaint in the same proceeding.

The Illinois decree as to alimony was a final decree in the sense that it is not subject to modification as to payments

past due. *Gregory v. Gregory*, 52 Ill. App. 2d 262, 202 N.E.2d 139 (1964); *Mendenhall v. Mendenhall*, 43 Ill. App. 2d 294, 193 N.E.2d 207 (1963). In addition, the alimony past due at the time of the decree was reduced to a money judgment as was the amount ordered to be paid in attorney's fees. The Illinois decree therefore is entitled to full faith and credit in this State. *Moore v. Moore*, 96 N.H. 130, 71 A.2d 409 (1950); *Williams v. North Carolina*, 317 U.S. 287, 87 L. Ed. 279, 63 S. Ct. 207 (1942).

Although Paul's New Hampshire divorce decree was effective prior to the Illinois divorce decree, this does not affect the validity of the Illinois alimony decree. The New Hampshire court did not purport to adjudicate Eleanor's right to alimony or support, and it then had no personal jurisdiction over her. *Vanderbilt v. Vanderbilt*, 354 U.S. 416, 1 L. Ed. 2d 1456, 77 S. Ct. 1360 (1957); *Armstrong v. Armstrong*, 350 U.S. 568, 100 L. Ed. 705, 76 S. Ct. 629 (1956).

Defendant has filed a plea in recoupment in which he seeks damages from the plaintiff for fraud in obtaining the Illinois decree. This is a separate cause of action from the Illinois proceeding and raises issues not litigated or in issue there. The defendant's plea is permitted under our practice. *Lovejoy v. Ashworth*, 94 N.H. 8, 45 A.2d 218 (1946); *Laconia Nat'l Bank v. Lavallee*, 96 N.H. 353, 77 A.2d 107 (1950); *McGrath v. McGrath*, 109 N.H. 312, 251 A.2d 336 (1969).

*Remanded.*

All concurred.