Hillsborough
No. 7332

Patricia Bouchard & a.

v.

Mark Klepacki

April 30, 1976

*Sheehan, Phinney, Bass & Green* and *Lee W. Mercer* by brief for the plaintiff.

Per curiam. The issue in this paternity action under RSA ch. 168-A (Supp. 1975) is whether the trial court erred when it denied plaintiff's motion for substituted service by publication under RSA 510:4 II (Supp. 1975), known as the "Long Arm Statute". No exception was taken, but all questions of law were transferred by *Flynn, J.*

Although no exception was taken to the ruling, it presented a single issue which was plainly raised and which was transferred by

the trial court. We therefore consider it. *Kacavisti v. Sprague Electric Co.,* 102 N.H. 266, 155 A.2d 183 (1959); *Gosselin v. Lemay,* 85 N.H. 13, 18, 153 A. 716, 719 (1931); RSA 491:17.

The allegations of the petition are sufficient to bring the matter within the terms of RSA 510:4 (Supp. 1975) and to satisfy the standards required by *International Shoe Co. v. Washington,* 326 U.S. 310 (1945), and *Hanson v. Denckla,* 357 U.S. 235 (1958). It is alleged that "On or about April 25, 1974 and on numerous other occasions between September of 1973 and May 16, 1974, Mark M. Klepacki had sexual relations with petitioner . . . ." in Manchester, New Hampshire as a result of which a child was "born on or about January 25, 1975 . . . ." The petition further alleges that defendant was a resident of New Hampshire during the period between September 1973 and May 16, 1974, and his residence at the time of filing the petition was alleged to be South Hadley, Massachusetts.

The motion for substituted service alleges that the notice sent to the last known address stated in the petition was returned unclaimed and requests substitute notice by publication in a newspaper in general circulation in South Hadley, Massachusetts, in accordance with RSA 510:4 II.

The alleged acts giving rise to an obligation to support occurred in New Hampshire while defendant was present in the State. The cause of action grows out of those acts and the failure of defendant to perform his legal duty of support. This is sufficient to bring the case within the statute and to provide the necessary "minimum contacts" to meet federal due process requirements. *See Nickas v. Nickas,* 113 N.H. 261, 306 A.2d 51 (1973); *Gentry v. Davis,* 512 S.W.2d 4 (Tenn. 1974). It being alleged that defendant is a nonresident, it is immaterial that he was a resident at the time of the alleged acts. *Kinchla v. Baumner,* 114 N.H. 818, 330 A.2d 112 (1974). There are methods available to the plaintiff for enforcement of any orders which may be made, including that provided in the "Uniform Act on Paternity" RSA 168-A:4 (Supp. 1975).

*Remanded.*