Rockingham
No. 78-198

VIOLET M. HUTCHINGS

v.

ESTHER LEE

February 14, 1979

*Boynton, Waldron, Dill & Aeschliman*, Portsmouth (*Ralph R. Woodman, Jr.* orally), for the plaintiff.

*John C. Driscoll*, of Portsmouth, by brief and orally, for the defendant.

BROCK, J.    This equity proceeding requires us to determine whether the superior court, on the facts presented, had in personam jurisdiction over a nonresident alleged to have committed one or more tortious acts within the State of New Hampshire. The defendant, a resident of Bristol, Connecticut, appeared specially through an attorney, contesting the jurisdiction of the Rockingham County Superior Court. The Trial Court (*King*, J.) denied her motion to dismiss on August 11, 1976, ruling that the provisions of the New Hampshire long-arm statute, RSA 510:4 (Supp. 1977), were applicable and finding that the defendant had been properly served thereunder in Connecticut. Defendant excepted to the denial of her motion and failed to comply with a subsequent order of the court that she post a bond in the amount of $20,000 as a condition to an interlocutory appeal of the jurisdictional issue.

A hearing on the merits was held before the trial court on November 15, 1977, with plaintiff and her counsel present. Defendant and her counsel were not present, defendant's counsel having elected to rely on his position that the court had no jurisdiction over the defendant. A decree awarding judgment to plaintiff in the amount of $12,044.15, plus interest, costs, and attorney's fees, and ordering the defendant to

return certain personalty to the plaintiff was issued by the Court (*Bean*, J.) on August 29, 1977. We affirm.

The plaintiff is an eighty-three-year-old resident of Portsmouth. During October and November 1975, she was a patient at the Portsmouth Hospital. The defendant, formerly the plaintiff's daughter-in-law, came from Connecticut to visit her at the hospital and while here obtained the keys to the plaintiff's Portsmouth apartment. Before the plaintiff was discharged from the hospital, the defendant entered her apartment and removed several valuable items of personal property. These included a passbook to a savings account at a Portsmouth bank, a stock certificate, a coin collection, and two oil paintings. The defendant returned to Connecticut, taking these items with her. On November 5, 1975, the defendant, as a joint tenant in possession of the savings passbook, withdrew more than $12,000 from the bank and closed out the account.

On March 26, 1976, the plaintiff filed this petition in equity in Rockingham County Superior Court seeking recovery of her property and incidental damages, including attorney's fees. The petition was served on the defendant, in hand, by a deputy sheriff of Hartford County, at her home in Bristol, Connecticut. On April 15, 1976, the Court (*Cann*, J.) issued a temporary order pending a hearing on the merits, ordering the defendant to deposit the items listed by the plaintiff with the court. On September 17, 1976, the defendant was found in contempt of the April order.

■ "The allegations of the petition are sufficient to bring the matter within the terms of RSA 510:4 (Supp. 1977) and to satisfy the standards required by *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and *Hanson v. Denckla*, 357 U.S. 235 (1958)." *Bouchard v. Klepacki*, 116 N.H. 257, 258, 357 A.2d 463, 464 (1976); *See also Kulko v. Superior Court*, 436 U.S. 84, *reh. denied*, — U.S. —, 98 S. Ct. 3127 (1978). The cause of action arises out of tortious acts committed by the defendant while she was present in the State. RSA 510:4 (Supp. 1977); *see* Annot., 78 A.L.R.2d 397, 406–08 (1961). The petition concerns rights in personal property owned by a New Hampshire domiciliary, including her funds in a New Hampshire bank. The defendant, having wrongfully taken "possession of . . . personal property situated in this state," RSA 510:4 (Supp. 1977), cannot deprive this court of jurisdiction merely by removing that property and herself beyond our boundaries. *Accord, Painter v. Home Finance Co.*, 245 N.C. 576, 96 S.E.2d 731 (1957) (unauthorized repossession of motor vehicle).

■ We see no reason for advancing a contrary opinion merely because the plaintiff seeks relief at equity rather than law. RSA 498:7. *Accord, Wood v. Wood*, 369 Mass. 665, 342 N.E.2d 712 (1976). The statute by its terms confers in personam jurisdiction for "any cause of action" arising out of the defendant's tortious acts within the State. RSA 510:4 (Supp. 1977). The objective of the long-arm statute "is to provide for the exercise of jurisdiction to the full extent of the constitutional limit." *Roy v. Transairco, Inc.*, 112 N.H. 171, 173, 291 A.2d 605, 606 (1972). *See also State v. Luv Pharmacy, Inc.*, 118 N.H. 398, 388 A.2d 190 (1978).

It would be unreasonable for jurisdiction to turn on whether the plaintiff sought return of specific items of property or damages equal to their value, or for us to require the plaintiff to separate her cause of action for the bank account funds from the suit for return of chattels taken in the same transaction. *See Roy v. Transairco, Inc.*, 112 N.H. at 177, 291 A.2d at 607. We therefore hold that the trial court correctly found that in personam jurisdiction over defendant exists, and that the decree below is fully supported by the record.

■ We note also that the plaintiff took exception to the trial court's denial of her motion to join Frederick W. Lee, a resident of Connecticut and the defendant's former husband, as a party to this action to enable the plaintiff to reach and apply $200 per month alimony which Mr. Lee is obligated to pay the defendant. Upon our review of the record, it is clear that Mr. Lee was not a necessary party for resolution of the merits of the plaintiff's claim, and that the trial court's denial of the motion constituted neither an error of law nor an abuse of discretion. RSA 514:10.

*Exceptions overruled; judgment*
*for the plaintiff.*

All concurred.