Merrimack
No. 79-065

ANNE M. DUFORD

v.

MICHAEL A. DUFORD

June 27, 1979

*Bruce E. Friedman,* of Concord, and *Martha A. Ramey,* student intern, (*Mr. Friedman* orally), for the plaintiff.

*Michael A. Duford,* pro se, filed no brief.

MEMORANDUM OPINION

In this divorce action based on irreconcilable differences leading to the irremediable breakdown of the marriage, RSA 458:7-a (Supp. 1977), the Court, *Souter,* J., transferred without ruling plaintiff's requests for findings and rulings #17, that the superior court has the power to exercise in personam jurisdiction, and #18, that defendant has actual notice of the proceedings and should not be allowed to escape the court's jurisdiction.

The libel alleges under oath that the parties were married in New Hampshire on November 23, 1974, that a child was born of the marriage on May 11, 1975, and that plaintiff has been a lifelong resident of New Hampshire and now resides in Newbury, New Hampshire. It further alleges that defendant's address is unknown but that his last known address was in care of his parents in West Springfield, New Hampshire. Service was made on the defendant pursuant to RSA 458:9 and Superior Court Rule 231, RSA 491:App. R. 232 (Cum. Supp. 1978) by sending it to his last known address in this State. The court found that the defendant had actual knowledge of the divorce proceedings.

The court decreed a divorce and made an award of custody and property, but only conditionally ordered support payments depending

upon the decision of this court regarding personal jurisdiction over the defendant.

RSA 458:5 III provides that jurisdiction over the parties exists "[w]here the plaintiff was domiciled in the state for one year next preceding the time when the action was commenced." Plaintiff meets this requirement, and service being properly made in accordance with RSA 458:9, personal jurisdiction attaches under RSA 458:5. Federal constitutional requirements, however, must also be met. *Shaffer v. Heitner*, 433 U.S. 186 (1977); *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). The defendant was married in New Hampshire, fathered a child here, and lived in this State with the plaintiff as husband and wife. The record before us shows that New Hampshire is still his domicile, although he may presently be elsewhere.

We have no hesitancy in holding that the defendant has more than the minimum contacts with this State to satisfy the requirements of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945); *see Nickas v. Nickas*, 113 N.H. 261, 306 A.2d 51 (1973); *cf. Kulko v. Superior Court*, 436 U.S. 84, 92 (1978) (denying in personam jurisdiction in a domestic relations case where the "quality and nature" of the defendant's activities within the forum State were insufficient to make it "reasonable and fair" to require him to subject himself to the forum State's jurisdiction).

*Remanded.*