Rockingham
No. 80-260
Original
No. 80-411

### WILLIAM WILLIAMS

v.

### ANNA WILLIAMS

August 10, 1981

*Stephen R. Fine & Associates P.A.*, of Manchester (*Marshall D. Hickok* on the brief and orally), for the plaintiff.

*Robert V. Johnson, II*, of Concord (*Robert V. Johnson, Sr.*, on the brief and orally), and *Anthony N. Del Rosso*, of Mineola, New York (*Mr. Del Rosso & a.* on the brief and *Ronald J. Chisena* orally), for the defendant.

DOUGLAS, J. The issue in this case is whether the superior court had *in personam* jurisdiction over the nonresident defendant who did not appear in an action for divorce and distribution of marital property. We hold that it did.

The plaintiff, William Williams, is a domiciliary of New Hampshire. The defendant, Anna Williams, is a domiciliary of New York. The parties were married on February 14, 1969, in Mineola, New York. During the first two years of the marriage, the plaintiff, a Merchant Marines sea captain, spent eleven months each year at sea. In 1971, the parties built a house in New Castle, New

Hampshire. The plaintiff moved to the house in New Castle; the defendant remained in New York. Throughout the next eight years, the parties visited each other on occasion.

On October 4, 1979, the plaintiff filed in the Rockingham County Superior Court a libel for divorce on the grounds of irreconcilable differences. Twenty-five days later, the defendant brought a separate action for divorce in New York.

The Rockingham County court twice issued orders of notice of the plaintiff's divorce libel, and twice the orders and copies of the libel were sent to the sheriff of Suffolk County, New York, to perfect service on the defendant. On each occasion, the sheriff was unable to serve the defendant. The plaintiff then moved for service by publication, and the court granted the motion. The order of notice and citation were published in a newspaper with a general circulation on Long Island on February 22, February 29, and March 7, 1980. In addition, the superior court sent a copy of the libel to the defendant by certified mail. The defendant received that copy of the libel on February 20, 1980.

Because the original hearing date on the divorce was scheduled less than thirty days after the return date of the orders of notice by publication, the Master (*Linda S. Dalianis*, Esq.) rescheduled the hearing for thirty days after the return date, *see* Superior Court Rule 152, and ordered a notice of hearing sent to the defendant. A hearing was held on May 14, 1980, and the defendant failed to appear.

The master recommended a decree of divorce of the parties in accordance with the proposed decree submitted by the plaintiff. That decree awarded to the plaintiff the house and land in New Castle, including the furniture and fixtures; a 1965 MGB automobile; all stock and securities in the plaintiff's possession (except for 101 shares of Occidental Petroleum); the dividends and profits from those stocks and securities awarded to him; and the parties' savings account and certificate of deposit at the Piscataqua Savings Bank, a New Hampshire bank. In turn, the defendant was awarded all the personal property in her possession, all the real property in her name alone, and the shares, with dividends and profits, of Occidental Petroleum. On May 16, 1980, the Superior Court (*Mullavey*, J.) approved the master's recommendation.

On June 13, 1980, the defendant appeared specially and filed a motion to stay and set aside the decree of divorce based on lack of *in personam* jurisdiction over the defendant. A hearing on the motion was held on July 25, 1980, before the Master (*Linda S. Dalianis*, Esq.). The master recommended that the motion be

denied, and on September 22, 1980, the Superior Court (*Wyman, J.*) decreed accordingly. By a notice of appeal filed June 13, 1980, and a petition for a writ of certiorari filed in this court on October 20, 1980, the defendant challenges the superior court decrees.

The dispute in this case is not over the decree of divorce itself but over "the point where in the modern divorce action the contest nearly always occurs, over money." H. CLARK, THE LAW OF DOMESTIC RELATIONS IN THE UNITED STATES § 11.4, at 316-17 (1968). The defendant seeks a "divisible" divorce by agreeing to the termination of the marriage status but challenging the court's decree dividing the parties' property. The defendant alleges that the property aspect of the decree is void because the court did not have *in personam* jurisdiction over her.

■ Traditionally, a State court had no jurisdiction to render a personal judgment against a nonresident defendant unless he was brought within the court's jurisdiction by service of process within the State, or he appeared voluntarily. *Pennoyer v. Neff*, 95 U.S. 714, 733 (1877); *State v. Luv Pharmacy, Inc.*, 118 N.H. 398, 403, 388 A.2d 190, 193 (1978); *see Duncan v. McDonough*, 105 N.H. 308, 309-10, 199 A.2d 104, 105-06 (1964). Gradually, however, the rule expanded to allow *in personam* jurisdiction over a nonresident defendant who has "certain minimum contacts with . . . [the forum State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " (Citations omitted.) *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *State v. Luv Pharmacy, Inc., supra* at 403, 388 A.2d at 193. But, "[i]n the absence of personal service within this State, [*in personam*] jurisdiction over a nonresident can only be obtained if the legislature has provided another method of service of process." (Citations omitted.) *Hutchins v. Del Rosso*, 116 N.H. 421, 423, 365 A.2d 127, 129 (1976).

■ The defendant argues that New Hampshire has no statute that provides for *in personam* jurisdiction over nonresident defendants in divorce proceedings. We disagree. In *Duford v. Duford*, 119 N.H. 515, 516, 403 A.2d 431, 432 (1979), this court held that RSA 458:5 provides *in personam* jurisdiction when service is made in accordance with RSA 458:9.

RSA 458:5 provides in pertinent part: "[j]urisdiction of the parties exists in the following cases only: . . . III. Where the plaintiff was domiciled in the state for one year next preceding the time when the action was commenced. . . ." The plaintiff is a life-long domiciliary of the State and thus meets the requirements of RSA 458:5 III. RSA 458:9 provides for notice to the defendant "as the

court shall order." Initially, the court ordered personal service upon the defendant, but when she could not be found the court ordered notice by publication. Additionally, the court sent a copy of the libel to the defendant by certified mail. Because the plaintiff met the domicile requirements of RSA 458:5 III and the defendant was served according to RSA 458:9, the court had *in personam* jurisdiction over the defendant. *Duford v. Duford, supra* at 516, 403 A.2d at 432.

■ ■ Having found that the superior court had *in personam* jurisdiction over the defendant under New Hampshire law, we must determine whether the court had jurisdiction under federal law. *Duford v. Duford, supra* at 516, 403 A.2d at 432. Minimum contacts with the forum State is the primary basis for jurisdiction under the due process clause of the fourteenth amendment. *See Shaffer v. Heitner*, 433 U.S. 186, 212 (1977) (*quasi in rem* jurisdiction); *International Shoe Co. v. Washington*, 326 U.S. at 316 (*in personam* jurisdiction); Traynor, *Is this Conflict Really Necessary?*, 37 TEX. L. REV. 657, 657–58 (1959). If the defendant does not have the requisite minimum contact with the forum State, then that State is barred by the fourteenth amendment from exercising the jurisdiction conferred by State statute. *Kulko v. California Superior Court*, 436 U.S. 84, 92 (1978).

■ ■ Our inquiry is "whether the 'quality and nature' of the defendant's activity is such that it is 'reasonable' and 'fair' to require . . . [her] to conduct . . . [her] defense in . . . [this] State." *Kulko v. California Superior Court supra* (quoting *International Shoe Co. v. Washington, supra* at 316–17, 319). In this case, the defendant owned jointly with her husband real estate in this State. While that fact alone may arguably be a sufficient basis upon which to predicate jurisdiction to divide marital property, *In re Marriage of Breen*, 560 S.W.2d 358, 363 (Mo. App. 1977); *see Shaffer v. Heitner, supra* at 207–08, the defendant had other contacts with this State. In addition to the real property, she jointly owned personal property in the form of a bank account and a certificate of deposit. She sent her children to school and to summer camp here, and, most important, she spent several months of every year for eight years with her husband in New Castle. In view of the fact that the defendant had substantial and regular contacts with this State, we conclude the superior court's exercise of jurisdiction over her does not offend " 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. at 316.

In addition to minimum contacts, jurisdiction over a defendant also depends upon reasonable notice that an action is pending. *Kulko v. California Superior Court*, 436 U.S. at 91; *State v. Luv Pharmacy, Inc.*, 118 N.H. at 403, 388 A.2d at 193; *see* F. JAMES, CIVIL PROCEDURE § 12.3, at 623 (1965). Fair notice and an opportunity to be heard are the primary tests for valid service upon a defendant. *See* Traynor, *Is this Conflict Really Necessary?*, 37 TEX. L. REV. 657, 658 (1959). In this case, the defendant received actual notice of the divorce libel by certified mail, which satisfies the notice requirement. *See International Shoe Co. v. Washington*, 326 U.S. at 320. She also received a fair opportunity to appear and be heard; the superior court twice scheduled the hearing on the libel and sent notice to the defendant. At the hearing on the motion to set aside the decree, the defendant testified that she was aware of the New Hampshire action but, upon the advice of New York counsel, chose not to appear. Thus, the record clearly shows that the defendant received notice and had ample opportunity to appear and be heard had she chosen to do so. Jurisdiction over a nonresident defendant who has had minimum contacts with the State and actual notice of suit cannot be defeated by that defendant's tactical decision not to appear.

*Affirmed.*

BATCHELDER, J., did not sit; the others concurred.