658 So.2d 583 (1995)
Kent LESTER, Appellant,
v.
Timothy K. ARB, Appellee.
No. 94-632.
District Court of Appeal of Florida, Third District.
July 5, 1995.
Rehearing Denied August 23, 1995.
Allen D. Fuller, Coconut Grove, for appellant.
David J. Volk, Merritt Island, for appellee.
Before HUBBART, BASKIN and COPE, JJ.
PER CURIAM.
This is an appeal by the defendant Kent Lester from a non-final order denying his motion to dismiss for lack of personal jurisdiction over the defendant. The basic ground urged in the motion to dismiss is that the complaint filed in this cause fails to allege sufficient jurisdictional facts to invoke Florida's long-arm statute [§ 48.193, Fla. Stat. (1991)] against the defendant who, the plaintiff Timothy Arb now concedes, is a nonresident of Florida; secondarily, the defendant also urged in the motion to dismiss that the allegation in the complaint that he was a resident of the state of Florida was "false," and, as proof thereof, attached an affidavit *584 stating that he was a resident of the state of South Carolina.[1] The plaintiff Arb filed a counter affidavit, but did not dispute the defendant's non-residence status. Neither party requested an evidentiary hearing on the motion to dismiss or the filed affidavits.
The sole point raised on appeal is that the trial court erred in denying the motion to dismiss because the complaint fails to allege sufficient jurisdictional allegations to invoke the application of Florida's long-arm statute [§ 48.193, Fla. Stat. (1991)].[2] *585 We disagree. The complaint, although not specifically referencing or tracking the long arm-statute, alleges sufficient jurisdictional facts that the defendant was "conducting ... a business venture in Florida," § 48.193(1)(a), Fla. Stat. (1991), as well as, "[b]reaching a contract in [Florida] by failing to perform acts required by the contract to be performed in [Florida]," § 48.193(1)(g), Fla. Stat. (1991), and attaches thereto a written agreement to sell motor homes in Florida which the defendant allegedly breached in Florida. See Holton v. Prosperity Bank of St. Augustine, 602 So.2d 659, 660 (Fla. 5th DCA 1992); Pellerito Foods, Inc. v. American Conveyors Corp., 542 So.2d 426 (Fla. 3d DCA 1989); Renda v. Peoples Fed. Sav. & Loan Ass'n of Tarentum, Pa., 538 So.2d 860, 862 (Fla. 1st DCA 1988), rev. denied, 542 So.2d 1334 (Fla. 1989); W.C.T.U. Ry. v. Szilagyi, 511 So.2d 727, 728 (Fla. 3d DCA 1987).
Affirmed.[3]
HUBBART and BASKIN, JJ., concur.
COPE, Judge (dissenting).
I respectfully dissent. The order under review should be reversed.

I.
This case comes to us in a peculiar procedural posture. Plaintiff-appellee Timothy K. Arb sued defendant-appellant Kent Lester and a third individual, Kris Capes, alleging that the three of them had entered into a written partnership agreement for the marketing of recreational vehicles in South Florida in the immediate aftermath of Hurricane Andrew. Plaintiff asked for dissolution of the alleged partnership and damages.
Plaintiff alleged that defendant Lester and codefendant Capes were both residents of Dade County, Florida. As plaintiff pled it, this was not a long-arm case at all, but simply a dispute among Florida residents.
Lester moved to dismiss for want of personal jurisdiction, asserting by affidavit that he is a South Carolina resident and never has been a Florida resident. Plaintiff now concedes that this is so.
Lester's motion to dismiss went on to claim that the complaint did not adequately allege a basis for long-arm jurisdiction. I agree with the majority that the facts set forth in the complaint sufficiently allege the conducting of a business venture in Florida, and the breach of a contract in Florida by failing to perform acts required by the contract to be performed in Florida. See § 48.193(1)(a), (g), Fla. Stat. (1991).

II.
Where I must respectfully part company with the majority is over the majority's determination not to reach Lester's claim for dismissal under the corporate shield doctrine. See Doe v. Thompson, 620 So.2d 1004, 1006 (Fla. 1993); McDougal v. Mizrahi, 636 So.2d 138 (Fla. 3d DCA 1994).
I completely agree with the majority that we can only review issues which were presented in the first instance to the trial court. I must respectfully suggest, however, that *586 the majority is giving Lester's motion and appeal papers a narrower reading than they deserve.
The alleged partnership agreement in this case was a brief memorandum which called for marketing of recreational vehicles to persons in Dade County who needed temporary housing.[1] The question for jurisdictional purposes is whether Lester signed this document in his capacity as corporate officer, or in his individual capacity.
Defendant Lester's affidavit in support of the motion to dismiss outlines the circumstances as follows:
BEFORE ME, the undersigned personally appeared, KENT LESTER, who being first duly sworn, deposes and says:
1) I am not now, nor have I ever been a resident of Dade County, Florida.
2) Since prior to September of 1992, and through the present, I have been and remain a resident of the state of South Carolina.
3) Exhibit "A" attached to the Complaint in this matter [the agreement quoted in footnote 1 supra] was signed by me in the chaos following Hurricane Andrew.
4) I was in Florida in my status as an officer and employee of Holiday Kamper Company of Columbia, Inc. a South Carolina corporation.
5) I was on a lot operated by Camptown RV Country, Inc., where I had delivered numerous travel trailers. Hundreds of persons were on the lot clamoring to get priority for these homes and we were busy dealing with them, their insurance companies, and making arrangements so these could be financed, delivered, installed, etc.
6) In the midst of the chaos, Timothy Arb, who worked for Camptown RV Country, Inc. a corporation controlled by Kris Capes, asked me to sign this piece of paper to confirm that a deal had been struck.
7) The business in progress was being conducted between the two corporations, and I assumed that the document involved this operation.
8) There was no witness or notary to my signature.
9) There was no agreement reached between Tim Arb, individually; Kent Lester, individually; and Kris Capes, individually, or any intention that any business be conducted individually between these parties.
10) There never was any attempt to do any business other than to continue the business that had already been agreed upon and commenced prior to the signing of that piece of paper.
11) As mentioned in my prior affidavit, for over 20 years I have been involved in this business solely as an officer,[[2]] director, and minority shareholder of Holiday Kamper Company of Columbia, Inc. a South Carolina corporation. I have never negotiated with any party to conduct any travel trailers business in the last twenty (20) years except through this entity, nor have I conducted any business except through this entity in Florida or elsewhere during that period.
FURTHER AFFIANT SAYETH NOT.
 /S/ 
 Kent Lester
The gist of Lester's argument is that he is entitled to the benefit of the "corporate shield" doctrine. As stated by the Florida Supreme Court:

*587 The distinction between a corporate officer acting on one's own and a corporate officer acting on behalf of one's corporation is set out clearly in Bloom v. A.H. Pond Co., 519 F. Supp. 1162, 1170-71 (S.D.Fla. 1981) (cited with approval in Kennedy v. Reed, 533 So.2d 1200, 1202 (Fla. 2d DCA 1988)). This distinction is recognized in many other jurisdictions; it is referred to as the "corporate shield" or "fiduciary shield" doctrine. See Estabrook v. Wetmore, 129 N.H. 520, 529 A.2d 956 (1987) and cases cited there (acts of corporate employee performed in corporate capacity do not form the basis for jurisdiction over corporate employee in individual capacity). "The rationale of the doctrine is `the notion that it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer.'" Id. at 959 (quoting Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 902 (2d Cir.1981).
Doe v. Thompson, 620 So.2d 1004, 1006 (Fla. 1993); accord McDougal v. Mizrahi, 636 So.2d 138 (Fla. 3d DCA 1994). Lester's affidavit asserts that he was acting solely in a corporate capacity when he was in Florida. This affidavit makes out a proper case for dismissal under Doe v. Thompson.
Plaintiff Arb submitted his own affidavit in opposition. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502-03 (Fla. 1989). The question is whether Arb's affidavit actually contradicts Lester's assertion that he was acting solely in a corporate capacity. Arb's affidavit stated:
BEFORE ME, the undersigned authority, personally appeared TIMOTHY K. ARB, who, after being duly sworn, deposes and says:
1. Affiant is over 18 years of age, and this Affidavit is given on personal knowledge.
2. The agreement described in Plaintiff's Complaint was signed by both Defendants in Dade County, Florida.
3. At the time of the signing of the agreement, Defendant KENT LESTER was working in Dade County, Florida. The agreement referred to in Affiant's Complaint required performance in Dade County, Florida, and Defendant KENT LESTER was in Dade County, Florida following the signing of the agreement carrying out the activities described in the agreement.
4. Those activities included the sale and delivery of manufactured housing or campers.
5. It is Defendant KENT LESTER's suggestion that the agreement described in Affiant's Complaint be signed so that the three parties to this case could jointly pursue sales of manufactured housing or campers in Dade County, Florida. In carrying out the agreement, Affiant did, among other things, furnish Defendant KENT LESTER with sales leads which were contacted by Defendant KENT LESTER.
6. The document attached as Plaintiff's Exhibit "A" to the Complaint in this case is a true copy of the agreement signed by the parties to this case pertaining to commercial activities to be performed in Dade County, Florida. The letter attached as Plaintiff's Exhibit "B" to the Complaint in this case is an accurate statement of events and the activities described in that letter were to be conducted in Dade County, Florida, by each of the three parties to this case.
FURTHER AFFIANT SAYETH NAUGHT.
 /S/ 
 Timothy K. Arb, Affiant
Arb nowhere contradicts Lester's assertion that the partnership agreement was an agreement between business entities, and that Lester was at all times acting on behalf of the South Carolina corporation. Arb's affidavit simply says that the agreement was signed in Dade County, Florida, which Lester has admitted. Arb says that the proposed activities included the sale and delivery of manufactured housing or campers, again, a fact admitted by Lester. Arb says that the agreement was "signed so that the three parties to this case could jointly pursue sales of manufactured housing or campers in *588 Dade County, Florida." Lester admits that he was personally present on site in Dade County and that he was actively engaged in the sale of recreational vehicles.
The issue, however, is in what capacity Lester was engaged in those activities. Lester asserts that all of those activities were being undertaken by Lester as an employee of the South Carolina corporation, that the signatories to the agreement were acting on behalf of their respective business entities, and that this was well known to plaintiff Arb. Plaintiff Arb's affidavit does not address these contentions at all. Rather than squarely meet Lester's affidavit, Arb's affidavit avoids the pivotal issue. Since Arb's affidavit was not sufficient to create a factual conflict on the "corporate shield" issue, the trial court should have granted the motion to dismiss.[3]

III.
I must respectfully disagree with the majority's assertion that the sole issue presented on appeal is the sufficiency of the plaintiff's complaint. The body of Lester's brief shows that he bases his argument both on his claim that the complaint fails to properly allege a basis for long-arm jurisdiction over him, and on the failure of the plaintiff to provide an affidavit demonstrating that Lester committed a wrong within the State of Florida in his individual capacity, as opposed to his corporate capacity. The body of Lester's brief states:
Defendant [Lester], through the various affidavits attached in the appendix ... has established that the only business he was conducting in the State of Florida ... was done on behalf of his employer, Holiday Kamper Company of Columbia, a South Carolina corporation, of which he is an officer, director, and minority stockholder. Hence, he has not individually received any profits nor had any to divide. Acts of a corporate officer or employee performed in corporate capacity do not form the basis for jurisdiction over the corporate officer or employee in his individual capacity. Doe v. Thompson, 620 So.2d 1004 (Fla. 1993). Furthermore, while the corporation may be amenable to service when it transacts business through its agents in Florida, unless the agents transact business for their own benefit and not on behalf of the corporation, the agents are not engaged in business so as to sustain an application of the Long Arm Statute to them as individuals. Bloom v. A.H. Pond Co., Inc., 519 F. Supp. 1162 (S.D.Fla. 1981).
* * * * * *
Plaintiff [Arb] does not choose to provide through either an amended allegation or through affidavit or other documents, anything to prove that this Defendant individually breached a contract in this state by failing to perform an act required by the contract to be performed in this state. Absent such an allegation or evidence, the long-arm jurisdiction should not be invoked and the Court does not have jurisdiction over this non-resident.
Initial brief of appellant at 8, 10.
Thus Lester makes two alternative arguments for reversal, one as a matter of pleading and the other as a matter of proof. First, Lester argues that the complaint in this case should contain an allegation affirmatively setting forth that Lester was acting in his individual capacity, not a corporate capacity, when he signed the purported partnership agreement.[4] Second, Lester argues that by affidavit he clearly established that he acted in a corporate capacity, not an individual capacity, at all times. He further *589 asserts, correctly, that plaintiff's opposing affidavit never contradicts Lester's assertion that he was acting in Florida solely in a corporate capacity. In my view this issue is properly before us, and Lester is correct on the merits.
The majority also suggests that when this issue was in the trial court, Lester's motion to dismiss for lack of jurisdiction solely raised a pleading issue. Again, I must respectfully disagree. The motion on its face indicates that it is supported by affidavits. Paragraph 5 of the motion clearly states, "`When a Defendant raises, through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the Plaintiff to prove jurisdiction by affidavits, testimony, or documents' Jet Charter Service, Inc. v. Koeck, 907 F.2d 1110, 1112 (11th [Cir.] 1990)." See majority opinion at 3 n. 1. The motion goes on to say that minimum contacts must also be satisfied.
The affidavits provide the factual basis for the corporate shield issue. Plaintiff clearly understood that Lester was relying on the affidavits to support the motion to dismiss, for plaintiff filed an opposing affidavit. As already stated, however, plaintiff's opposing affidavit is insufficient to overcome the corporate shield doctrine.
The majority suggests that the only purpose Lester had in filing his affidavits was to demonstrate that Lester was a South Carolina resident, not a Florida resident. That reading of the affidavits is too narrow. The long-arm statute by definition applies to nonresidents. Consequently, the assertion by Lester that he is a South Carolina resident simply serves to demonstrate that Lester is a member of the class of persons covered by the long-arm statute  assuming that the other requirements of section 48.193, Florida Statutes, could be satisfied. When read in their entirety, Lester's affidavits first show that he is a nonresident, and next show that he has negated the application of the Florida long-arm statute by demonstrating that all of the actions he took in Florida were conducted in his capacity as a corporate officer and employee.

IV.
The order should be reversed and the cause remanded with directions to grant the motion to dismiss.[5]
NOTES
[1] The defendant's motion to dismiss states the following:

"MOTION TO DISMISS FOR LACK OF JURISDICTION
COMES NOW Defendant, KENT LESTER, through the undersigned counsel and makes this special appearance specifically to contest jurisdiction. The Defendant by filing this Motion to Dismiss does not consent to jurisdiction nor waive any rights to contest jurisdiction or otherwise contest the claims raised by the Complaint or the sufficiency of the Complaint and alleges:
1) The record will reflect that the Defendant was served in South Carolina.
2) As set forth in the affidavit attached as Exhibit `A' and incorporated herein, the allegation of paragraph 3 of the Complaint upon which jurisdiction apparently was based: `3. Defendant Lester is a resident of Dade County, Florida.' is false. The Defendant is not, nor has he ever been a resident of Dade County, Florida. At all times material he was and is a resident of South Carolina.
3) Failure to adequately allege in the Complaint a basis for invoking long-arm jurisdiction under F.S. 48.193 voids any service of process made pursuant to F.S. 48.194. Plummer v. Hoover, 519 So.2d 1158 (Fla. 5th DCA, 1988).
4) While there are various vague allegations in the Complaint concerning activities in or nexus with the State of Florida, the Complaint fails to clearly allege any of the requirement of F.S. 48.193. Language which could arguably be amended to allege one of the specifically enumerated acts subjecting a person to jurisdiction of Courts through the State under F.S. 48.193, is not a sufficient basis to effectuate service under F.S. 48.194.
5) `When a Defendant raises, through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the Plaintiff to prove jurisdiction by affidavits, testimony, or documents' Jet Charter Service, Inc. v. Koeck, 907 F.2d 1110, 1112 (11th DCA, 1990). In fact, the affidavits, testimony, or documents to be produced to meet this burden should be limited to supporting the allegations of the Complaint. They should not serve as a means to amend the Complaint. To the extent that they provide anything not clearly alleged in the Complaint, they cannot support a prior service of process.
6) In fact, `even if the requirements of a state long-arm statute are met, personal jurisdiction cannot be exercised over a Defendant that does not have sufficient `minimum contacts' with the forum state to satisfy the requirement of due process.' Jet Charter Service, Inc. v. Koeck, id. at 1113.
7) Maybe the Plaintiff could allege one or more of the requirement of F.S. 48.193 and sufficient contacts to satisfy due process. Maybe they cannot. Clearly, to date they have not.
WHEREFORE, the Defendant, while not consenting to jurisdiction and reserving all rights to move to dismiss or otherwise contest this Complaint seeks the dismissal of this action based on lack of jurisdiction."
Appendix to Appellant's Brief at A.3 (emphasis added). Nowhere in this motion does the defendant Lester contend that the trial court has no personal jurisdiction over him by virtue of the corporate shield doctrine. Contrary to the dissent's suggestion, paragraph 5 makes no reference to the corporate shield doctrine.
Attached to the motion to dismiss is the defendant Lester's affidavit stating that he is a resident South Carolina, not Florida, which allegation is expressly incorporated by reference under paragraph 2 of the motion to dismiss; the balance of the affidavit refers to matters not alleged or expressly incorporated in the motion to dismiss.
[2] Contrary to Fla.R.App.P. 9.210(b)(1), the defendant does not list "the issues presented for review" in the table of contents of his initial brief or, indeed, anywhere else in the brief. He does, however, present his basic position on appeal in the summary of argument in his initial brief as follows:

"SUMMARY OF THE ARGUMENT
Defendant asserts that the jurisdiction depends upon an allegation that the Defendant breached a contract in this state by failing to perform acts required by the contract to be performed in this state pursuant to § 48.193(1)(g). In this complaint for accounting and dissolution of a partnership the only breach alleged is a failure to divide profits. There is no allegation that profits were divided in Florida, or supposed to be divided in Florida. More significantly, there is no allegation that Defendant KENT LESTER individually received any profits or failed to divide any profits that he received or conducted any business individually in Florida (or elsewhere). Jurisdiction should not be upheld over this Defendant, individually, absent a clear and unambiguous allegation that he, individually, has committed one of the acts subjecting a person to jurisdiction of the Courts of this State pursuant to Florida Statute § 48.193."
Appellant's Initial Brief at 6-7 (emphasis added). There is no mention in this summary of the corporate shield doctrine as being a ground for reversal.
Moreover, the first sentence of the body of the argument in the initial appellant's brief states the defendant's basic position on appeal: "The allegations of the complaint are not sufficient to invoke long-arm jurisdiction". Appellant's Initial Brief at 7. Although the affidavit and corporate shield doctrine are later referred to in the brief, it is not presented, as the dissent suggests, as a separate ground for reversal  but, in context, in support of the basic argument that the complaint failed to contain sufficient jurisdictional allegations. Beyond that, there is utterly no authority for the proposition that a new point on appeal can be raised in such an offhand fashion for the first time in the middle of a brief relating to a different point.
[3] We do not address the corporate shield ground for reversal discussed by the dissent because the ground was not properly preserved for appellate review in the defendant's motion to dismiss below; moreover, it is not properly urged as a point on appeal in defendant's main brief. "It is the declared policy of this court to confine the parties litigant to the points raised and determined in the court below, and not to permit the presentation of points, grounds, or objections for the first time in this court, when the same might have been cured or obviated by amendment, if attention had been called to them in the trial court." Hartford Fire Ins. Co. v. Hollis, 58 Fla. 268, 50 So. 985 (1909) (Syllabus by ct., no. 2); see also Paul v. Kanter, 155 So.2d 402, 403 (Fla. 3d DCA 1963); Castor v. State, 365 So.2d 701, 703 (Fla. 1978).
[1] The written agreement stated in its entirety:

AGREEMENT SEPTEMBER 23, 1992 KENT LESTER, KRIS CAPES AND TIM ARB AGREE TO SOURCE AND MARKET RECREATIONAL VEHICLES TO GOVERNMENT AGENCIES, INSURANCE COMPANIES AND DEVELOP GROUP PURCHASES WITH OTHER BUSINESSES TO FULFILL THE NEED FOR TEMPORARY HOUSING RESULTING [FROM] HURRICANE ANDREW. AND ALSO AGREE TO SHARE EQUALLY ANY PROFITS ARRIVED AS A RESULT OF THESE EFFORTS.
IT IS ALSO OUR INTENT THAT COBRA WILL BE THE PRIMARY PRODUCT SOURCE ALTHOUGH OTHER SOURCES WILL BE SOUGHT.
 /S/
 TIM K ARB
 /S/
 KENT LESTER
 /S/
 KRIS CAPES

[2] In a prior affidavit submitted by Lester, he recited that he holds the position of Vice-President of Holiday Kampers of Columbia, Inc.
[3] Where conflicting affidavits create a material factual dispute on the issue of jurisdiction, there must be a limited evidentiary hearing in order to determine the jurisdiction issue. Venetian Salami Co. v. Parthenais, 554 So.2d at 503. The affidavit submitted by Arb was not sufficient to create a factual dispute about the capacity in which Lester was acting, and no evidentiary hearing was necessary. I agree with the majority that there is no indication of a request for an evidentiary hearing in the trial court.
[4] Given that the purported partnership agreement does not facially show in what capacity Lester signed it, we have disagreed with that contention as a matter of pleading. The question of the capacity in which Lester signed the document is appropriately raised by factual assertion by affidavit.
[5] Plaintiff's recourse is to sue Holiday Kampers of Columbia, Inc. Certainly Lester's signature on the agreement and his affidavit are admissible in evidence against the South Carolina corporation. See § 90.803(18), Fla. Stat. (1993).

Assuming the truth of Lester's affidavit, plaintiff proceeds at his peril if he does not promptly join the South Carolina corporation as a defendant. The majority's resolution of this appeal as a pleading matter leaves open for summary judgment or trial the capacity in which Lester conducted his activities in Florida.