D.W. MERCER, INC., a Florida corporation, Plaintiff,

v.

VALLEY FRESH PRODUCE, INC. et al., Defendant.

No. 2:00–CV–294–FTM–29DNF.

United States District Court,
M.D. Florida,
Fort Myers Division.

May 8, 2001.

Jennifer L. Whitelaw, Law Office of Jennifer L. Whitelaw, Naples, FL, for D.W.

Mercer, Inc., a Florida corporation, plaintiff.

John W. Lewis, Henderson, Franklin, Starnes & Holt, P.A., Ft. Myers, FL, James M. Baratta, Lance D. Orloff, Grant, Genovese & Baratta, L.L.P., Irvine, CA, for Valley Fresh Produce, Inc., a California corporation, defendant.

## ORDER

STEELE, District Judge.

This matter is before the Court on Defendants Valley Fresh Produce, Inc. and John A. Cottle, Motion to Dismiss, or, in the Alternative, Motion to Transfer (Doc. # 12), filed on November 2, 2000. Plaintiff's Memorandum Opposition (Doc. # 20) was filed on December 18, 2000. The Court heard oral argument on April 24, 2001.

### I. Personal Jurisdiction

■ After reviewing the motion and response and the affidavits submitted by the parties, and hearing the arguments of counsel, the Court exercises its discretion and determines that an evidentiary hearing is not warranted. In this circumstance,

> the plaintiff must establish a prima facie case of personal jurisdiction over a nonresident defendant. A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict. The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavit. Finally, where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff.

*Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 255 (11th Cir .1996) (quoting *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir.1990) (citations omitted)). The Court also considers affidavits submitted by plaintiffs when a defendant challenges an assertion of personal jurisdiction by affidavit. *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 626–27 (11th Cir.1996) (citing *Jet Charter Serv., Inc. v. Koeck,* 907 F.2d 1110, 1112 (11th Cir.1990)); *Venetian Salami Co. v. Parthenais,* 554 So.2d 499, 502–03 (Fla.1989).

The analytical steps the Court must follow are also well-established:

> The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis. First, we consider the jurisdictional question under the state long-arm statute. If there is a basis for the assertion of personal jurisdiction under the state statute, we next determine whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend traditional notions of fair play and substantial justice. Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a non-resident defendant.

*Robinson,* 74 F.3d at 256 (citations omitted). *See also Sculptchair,* 94 F.3d at 626. This process must be applied to each defendant.

■ "When jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, Rule 4(e) of the Federal Rules of Civil Procedure directs us to look to the state long-arm statute in order to determine the existence of personal jurisdiction." *Sculptchair,* 94 F.3d at 626–27. Here, the Lanham Act contains no such service of process provision, so the Court must look to the Florida long-arm statute. *Id.* at 627. The extent and applicability of Florida's long-arm statute is a question of Florida law, and this Court is required to construe it as would the Florida Supreme

Court. *Id.* Absent some indication that the Florida Supreme Court would hold otherwise, this Court is bound by the decisions of intermediate Florida courts. *Id.*

## A. Florida Long–Arm Statute

Plaintiff relies on two portions of F.S. § 48.193(1) to satisfy the first requirement for personal jurisdiction:

Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

. . . . .

(b) Committing a tortious act within this state.

. . . . .

(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:

1. The defendant was engaged in solicitation or service activities within this state; or

2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

In the instant case, plaintiff's Complaint (Doc. # 1) alleges violations of the Lanham Act in connection with the sale of agricultural produce wrongfully bearing plaintiff's Trademarks-in-suit. The Complaint alleges generically that "the acts complained of herein were committed in this district" (Doc. # 1, ¶ 4) and "[u]pon information and belief, Defendants have committed the acts complained of herein in this District and

throughout the United States." (Doc. #.1, ¶ 12). It further alleges that "[u]pon information and belief, Defendant John A. Cottle owned and operated Valley Fresh Produce, Inc. and during the acts herein alleged was a conscious, active, and dominant force behind the unlawful acts of Defendant Valley Fresh." (Doc. # 1, ¶ 8).

The Affidavit of defendant John A Cottle (Doc. # 12, Exhibit A) admits that he has been the president of Valley Fresh Produce, Inc. since its incorporation on January 1, 2000; that the corporation marketed approximately 1 million packages of strawberries during the 2000 marketing season bearing the trademarks at issue; and that approximately 1,000 packages of these strawberries were shipped to Albertson's in Plant City, Florida. Plant City, Florida is within the Tampa Division of the Middle District of Florida. Plaintiff's Affidavit of Donald W. Mercer (Doc. # 20, Exhibit 1) presents copies of invoices showing delivery of goods using plaintiff's marks into Florida.

■ The allegations of the Complaint and the contents of the Cottle Affidavit are sufficient to establish the first prong of the personal jurisdiction standard pursuant to § 48.193(1)(b) for Valley Fresh Produce, Inc. E.g., *Execu–Tech Bus. Systems v. New Oji Paper Co.*, 752 So.2d 582 (Fla. 2000); *Lester v. Arb*, 658 So.2d 583, 584–85 (Fla.App. 3 Dist.1995). Delivery of 1,000 packages of strawberries allegedly containing the trade marks at issue into the Middle District of Florida is enough to find the corporation committed a tortious act within Florida.

■ The allegations of the Complaint and the contents of the Mercer and Cottle affidavit are not sufficient, however, to establish the first prong of the personal jurisdiction standard pursuant to § 48.193(1)(f) for either Valley Fresh Produce, Inc. or John A. Cottle. "[M]ere eco-

nomic injury without accompanying personal injury or property injury does not confer personal jurisdiction over nonresident defendants under section 48.193(1)(f)." *Sculptchair,* 94 F.3d at 629. In this case, economic injury is all that is alleged or shown by the affidavits.

Finally, the allegations in the Complaint and the contents of the Mercer and Cottle affidavits are not sufficient to establish personal jurisdiction under § 48.193(1)(b) as to defendant Cottle. The Florida Supreme Court has held that the acts of a corporate employee performed in a corporate capacity do not form a sufficient basis for jurisdiction over the corporate employee in his individual capacity. *Doe v. Thompson,* 620 So.2d 1004 (Fla. 1993). Here, assuming as alleged in the Complaint that Cottle was the dominant force behind Valley Fresh Produce, Inc., there are no factual allegations showing personal jurisdiction in his individual capacity under either § 48.193(1)(b). Since the first requirement for personal jurisdiction is not satisfied as to defendant Cottle, the case will be dismissed without prejudice as to him.

## B. Due Process Requirement

Once the court determines that a party is subject to a forum's long-arm statute, it must consider whether asserting personal jurisdiction over a nonresident defendant comports with due process. This involves a two-step process. First, the Court decides whether each defendant has established "minimum contacts" with Florida. Second, the Court determines whether the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice. *Posner v. Essex Ins. Co., Ltd.,* 178 F.3d 1209, 1220 (11th Cir.1999).

The Eleventh Circuit follows a three-part test to decide if the minimum contacts requirement is satisfied:

> First, the contacts must be related to the plaintiff's cause of action.... Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum. Third, the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there.

*Posner,* 178 F.3d at 1220.

The commission of the tortious act alleged in the Complaint and the delivery of the 1,000 packages of strawberries into the Middle District of Florida admitted in the Cottle Affidavit is sufficient to establish the required minimum contacts. E.g., *Execu–Tech Bus. Systems,* 752 So.2d at 585–86; *Wetzel v. Fisherman's Wharf of Pompano Beach, Inc.,* 771 So.2d 1195, 1198 (Fla.App. 4 Dist.2000).[1] Minimum contacts have been established as to Valley Fresh Produce, Inc.

Finally, the Court determines whether the assertion of personal jurisdiction would comport with fair play and substantial justice. The Court considers defendant's contacts with Florida and other factors, including the burden on defendant in defending the lawsuit, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the states in further fundamental substantive social policies. *Robinson,* 74 F.3d at 259. Where defendant introduces 1,000 packages into Flori-

---

1. In that case, the Court held that the act of shipping goods to Florida, even without manufacturing them, was sufficient hands-on contact with the goods to satisfy the due process requirement.

da with allegedly infringing trademarks, none of the factors weigh against exercising personal jurisdiction over the corporation.

## II. Transfer of Case

Defendant argues in the alternative that venue in this case should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Venue is proper in the Middle District of Florida, 28 U.S.C. § 1391(b)(2), but may be transferred within the sound discretion of the Court under § 1404(a). Plaintiff's choice of forum, however, should not be disturbed unless it clearly is outweighed by other considerations. *Robinson,* 74 F.3d at 260. The Court cannot say at this point that a transfer would do anything other than simply shift inconvenience from defendant to plaintiff. Therefore the motion will be denied.

Accordingly, it is now

**ORDERED:**

(1) Defendant Valley Fresh Produce, Inc.'s Motion to Dismiss, or, in the Alternative, Motion to Transfer (Doc. # 12), filed on November 2, 2000, is **DENIED.**

(2) Defendant John A. Cottle's Motion to Dismiss, or, in the Alternative, Motion to Transfer (Doc. # 12), filed on November 2, 2000, is **GRANTED** as to the Motion to Dismiss, and is **MOOT** as to the Motion to Transfer.

(3) The case is dismissed without prejudice as to defendant John A. Cottle.