**Otto G. OBERMAIER, as receiver for David M. Mobley, Sr., Maricopa Investment Fund, Ltd., Maricopa Index Hedge Fund, Ltd., Maricopa Financial Corporation, Ensign Trading Corporation, Maricopa International Invest-**

---

ment Corp., d/b/a Maricopa Investment Corp., IAM, Inc., Maricopa Eclipse Partners, Ltd., Maricopa Overseas, Ltd., Epworth Financial, Ltd., Maricopa Capital Management L.C., Mobley Trading & Investment Corp., and D. Mobley Incorporated, Plaintiff,

v.

KENNETH COPELAND EVANGELISTIC ASSOCIATION, INC., previously known as Eagle Mountain Church, Inc. and also previously known as Kenneth Copeland Ministries, Defendant.

No. 2:02CV206FTM29DNF.

United States District Court,
M.D. Florida,
Ft. Myers Division.

June 21, 2002.

Edward Soto, Eric N. Assouline, Weil, Gotshal & Manges, Miami, FL, for plaintiff.

Charles Michael Greene, Law Office of Charles M. Greene, P.A., Orlando, FL, for defendant.

## ORDER

STEELE, District Judge.

This cause is before the Court on defendant's Motion to Dismiss or, Alternatively, Transfer Venue (Doc. # 6) and supporting Memorandum (Doc. # 7) and Declaration (Docs.# 14). Plaintiff filed a Responsive Memorandum (Doc. # 12).

The Complaint (Doc. # 2) was originally filed in state court, but was removed to federal court by defendant on the basis of diversity jurisdiction. One Complaint seeks to recover at least $108,000 and a 14 karat gold and diamond tennis bracelet given to defendant as charitable donations by David Mobley. Defendant asserts that the Court lacks personal jurisdiction over it, and therefore the case should either be dismissed or transferred to the Northern District of Texas.

### I. Waiver

Plaintiff argues that defendant has waived its ability to raise the issue of personal jurisdiction because it removed the case from state court to federal court. Plaintiff relies on the recent decision in *Lapides v. Bd. of Regents of the Univ. System of Georgia,* —— U.S. ——, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002) in which the Supreme Court held that a state government defendant that removes a case from state court to federal court cannot thereafter raise an Eleventh Amendment immunity defense in federal court. The Supreme Court found it to be inconsistent to invoke federal jurisdiction by removal and then to deny that a federal court possessed power to proceed by asserting Eleventh Amendment immunity.

Defendant does not adopt a similar position in this case. Defendant has invoked federal jurisdiction by the removal, but does not assert that no federal court can consider the case. Rather, defendant simply argues that the wrong federal court is entertaining the case. Accordingly, the Court concludes that defendant has not waived the issue of personal jurisdiction.

### II. Personal Jurisdiction

The applicable legal standards for considering issues of personal jurisdiction have been summarized in *The Nippon Credit Bank Ltd. v. Matthews,* 291 F.3d 738 (11th Cir.2002), *Meier v. Sun Int'l Hotels, Ltd.,* 288 F.3d 1264 (11th Cir.2002), and *D.W. Mercer, Inc. v. Valley Fresh Produce, Inc.,* 146 F.Supp.2d 1274 (M.D.Fla.2001), and need not be repeated. In brief, the Court first determines whether defendant's activities satisfy the Florida long-arm statute, and if so, whether the extension of jurisdiction comports with the due process requirements of the Fourteenth Amendment. *Meier,* 288 F.3d at 1269. The parties do not disagree on the legal framework, although they take greatly different views as to the outcomes in the application of the legal principles.

### A. Florida Long-Arm Statute:

Plaintiff asserts that the Court has both general and specific jurisdiction over de-

fendant under the Florida long-arm statute, while defendant asserts that it has neither. Plaintiff relies on the following portions of F.S. § 48.193:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

.    .    .    .    .

(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. § 48.193.

Defendant's Affidavit (Doc. # 14) asserts that defendant is a religious organization which spreads the gospel of Jesus Christ throughout the United States and internationally. To do so, defendant utilizes all forms of multi-media, including radio, television, and the internet to reach the greatest number of people. The donations at issue were received in Texas, where defendant is based, and defendant had no individualized contact with Mobley or his entities within the state of Florida. Defendant does not maintain an office, telephone, bank account, or post office box in Florida, does not have employees or agents in Florida on a regular basis, does not receive mail in Florida, and does not operate as a corporation within Florida. (Doc. # 14).

The Complaint alleges that defendant (a) ministers and solicits charitable donations from residents in Naples, Florida; (b) regularly does business in Florida when it solicits charitable donations from residents in Naples, Florida through its television programs on three broadcast stations in Naples; (c) received funds and property purchased with funds stolen from Naples residents and entities in Naples; (d) conducts direct commercial transactions with residents · of Naples when it actively solicits donations over its internet website, which has hundreds of pages of interactive links; and (e) received fraudulent transfers that are the subject of this action. (Doc. # 2, pp. 2–3, ¶ 6(a)-(e)). The Affidavit of Lori Seavey states that defendant solicits donations through multiple websites on the internet and television all over the world, but with an emphasis on the State of Florida, and sends follow-up letters following donations. (Doc. # 12, Ex. 5). Mobley received such letters of gratitude in Florida after the donations at issue in this case.

■ The Court finds that the allegations of the Complaint and the contents of the Seavey Affidavit are sufficient to establish the both general and specific personal jurisdiction pursuant to § 48.193. Defendant solicits contributions from Florida residents using local television stations in Naples, Florida as well as internet websites. It sends mail into Florida in response to donations by Florida residents. The particular donations at issue in this case were from a Florida resident and his entities, and letters of gratitude were mailed into Florida following receipt of the donations. *See, e.g., Travel Opportunities of Fort Lauderdale, Inc. v. Walter Karl List Man-*

*agement, Inc.,* 726 So.2d 313, 314–15 (Fla. App. 4th DCA 1998); *Nida Corporation v. Nida,* 118 F.Supp.2d 1223 (M.D.Fla.2000); *Kim v. Keenan,* 71 F.Supp.2d 1228 (M.D.Fla.1999); *Heroes, Inc. v. Heroes Foundation,* 958 F.Supp. 1 (D.D.C.1996).

## B. Due Process Clause:

■ Once the court determines that a party is subject to a forum's long-arm statute, it must consider whether asserting personal jurisdiction over a nonresident defendant comports with due process. This involves a two-step process which requires the Court to decide whether each defendant has established "minimum contacts" with Florida and whether the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice. *Posner v. Essex Ins. Co., Ltd.,* 178 F.3d 1209, 1220 (11th Cir.1999); *Meier,* 288 F.3d at 1274, 1276.

■ The Court finds that minimum contacts exist in this case which supports both specific and general jurisdiction. The contacts summarized above relate to the plaintiff's cause of action involving the solicitation of donations from Florida residents and donations provided from Florida. The contacts involve continuous acts by which the defendant purposefully availed itself of the privilege of conducting activities within Florida, since the local television programming was aimed at Florida residents and the internet use by Florida residents was both intended and reasonably foreseeable. These contacts with Florida are such that the defendant should reasonably anticipate being haled into court in Florida.

Finally, the Court determines whether the assertion of personal jurisdiction would comport with fair play and substantial justice. The Court considers defendant's contacts with Florida and other factors, including the burden on defendant in defending the lawsuit, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the states in further fundamental substantive social policies. *Meier,* 288 F.3d at 1276. Defendant has significant contacts with Florida through its continuous solicitations and follow-up. The burden on defendant in defending a lawsuit in Florida is not great, particularly when compared to that of the receiver in litigating this case elsewhere. Florida and the interstate judicial system have a significant interest in adjudicating a dispute resulting from solicitations of Florida residents by an organization outside the state. The receiver has a clear interest in obtaining convenient and effective relief on behalf of the defrauded investors, which is optimized in Florida. The Court concludes that jurisdiction in Florida comports with traditional notions of fair play and substantial justice.

## II. Transfer of Case

■ Defendant argues in the alternative that venue in this case should be transferred to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a) or § 1406. Venue is proper in the Middle District of Florida, 28 U.S.C. § 1391(b)(2), but may be transferred within the sound discretion of the Court under § 1404(a). Plaintiff's choice of forum, however, should not be disturbed unless it clearly is outweighed by other considerations. *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir.1996). The Court cannot say at this point that a transfer would do anything other than simply shift inconvenience

from defendant to plaintiff. Therefore the motion will be denied.

Accordingly, it is now

**ORDERED:**

Motion to Dismiss or, Alternatively, Transfer Venue (Doc. # 6) is **DENIED.**