Hillsborough
No. 86-516

LOIS ESTABROOK, ADMINISTRATRIX OF THE
ESTATE OF NELSON ESTABROOK

v.

BYRON F. WETMORE

July 22, 1987

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Laurence W. Getman* on the brief, and *E. Donald Dufresne* orally), for the plaintiff.

*James S. Yakovakis P.A.*, of Manchester (*James S. Yakovakis* on the brief and orally), for the defendant.

BATCHELDER, J.    This case is an interlocutory appeal from an order of the Superior Court (*Wyman*, J.) denying the defendant's motion to dismiss for lack of personal jurisdiction. The issue is whether the State of New Hampshire has personal jurisdiction over the vice-president of a Connecticut corporation, when he is sued as a co-employee under the workers' compensation co-employee suit rule of *Estabrook v. American Hoist & Derrick, Inc.*, 127 N.H. 162,

498 A.2d 741 (1985), and when his only jurisdictional contact with New Hampshire is through conduct undertaken in his capacity as the corporation's officer. On the record before us, we hold that the State may subject the defendant to its jurisdiction. Accordingly, we affirm the trial court's order.

The plaintiff's decedent was crushed inside a pugmill at an asphalt plant in Manchester operated by Lane Construction Company (Lane). In *Estabrook v. American Hoist & Derrick, Inc. supra*, this court held that the workers' compensation statute's bar to suits against co-employees was unconstitutional. The plaintiff then initiated the present action by serving the New Hampshire secretary of state. The defendant is the officer responsible for safety in the Lane plants and operations in New Hampshire and the approximately thirty other States in which Lane does business. The plaintiff's writ alleges, in simplified form, that the defendant had a duty of reasonable care to provide a safe plant, in general, and a safe pugmill, in particular, to persons such as the decedent, whom he knew would be there; that he breached the duty by performing certain acts negligently and failing to perform certain other acts; and that the breach of duty caused the plaintiff's decedent's death. The writ alleges neither that the defendant breached his duty while he was present in New Hampshire nor that the defendant has ownership, use, or possession of any real or personal property in New Hampshire. However, the defendant's deposition shows that, as part of his general supervisory duties, he has traveled to New Hampshire at least thirty-five times over the past thirteen years. In addition, he has supervised the distribution to Lane's plants of written materials concerning safety procedures and equipment. Thus, the defendant's contacts with New Hampshire appear to consist of actions taken in both Connecticut and New Hampshire. The plaintiff asserts jurisdiction under RSA 510:4, the long-arm statute. The statute declares in paragraph I:

> "Any person who is not an inhabitant of this state and who, in person or through an agent, transacts any business within this state, commits a tortious act within this state, or has the ownership, use, or possession of any real or personal property situated in this state submits himself, or his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from or growing out of the acts enumerated above."

This court has consistently interpreted this statute to grant jurisdiction whenever the due process clause of the United States Constitution permits it. *Roy v. North American Newspaper Alliance*, 106 N.H. 92, 95, 205 A.2d 844, 846 (1964).

The leading federal case on personal jurisdiction is *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Until its decision in *International Shoe*, with a few exceptions the United States Supreme Court read the due process clause to limit State courts' jurisdiction to persons within the territorial boundaries of the State. *International Shoe* changed the long-standing rule so as to permit jurisdiction over persons beyond the State's boundaries, if they had such sufficient contacts with the State that jurisdiction would not offend "traditional notions of fair play and substantial justice." *Id.* at 316. In the cases applying *International Shoe*, the focus has usually been on whether the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

■■ The two leading New Hampshire cases applying federal law regarding jurisdiction based on out-of-State conduct are *Hall v. Koch*, 119 N.H. 639, 406 A.2d 962 (1979) and *Tavoularis v. Womer*, 123 N.H. 423, 462 A.2d 110 (1983). Under *Hall* and *Tavoularis*, RSA 510:4 subjects a non-resident defendant, whose out-of-State conduct has allegedly resulted in a tort in New Hampshire, to the jurisdiction of the New Hampshire courts when the impact in New Hampshire of the out-of-State conduct was more than fortuitous, so that the defendant knew or should have known his conduct could injure a person here. When a non-resident defendant performs allegedly tortious acts in New Hampshire, little doubt clouds a finding that New Hampshire has jurisdiction. *Hutchings v. Lee*, 119 N.H. 85, 87, 398 A.2d 68, 69–70 (1979); *Bouchard v. Klepacki*, 116 N.H. 257, 258, 357 A.2d 463, 464 (1976).

■■ The defendant does not attack these decisions, but argues that corporate officers are protected from their application by the fiduciary shield doctrine. The fiduciary shield doctrine holds that the acts of a corporate employee performed in his corporate capacity generally do not form the basis for jurisdiction over him in his individual capacity. *Bulova Watch Co., Inc. v. K. Hattori & Co., Ltd.*, 508 F. Supp. 1322, 1347 (E.D.N.Y. 1981); *see generally*, R. Koenig, *Personal Jurisdiction and the Corporate Employee: Minimum Contacts Meet the Fiduciary Shield*, 38 STAN. L. REV. 813 (1986). The doctrine began in New York as an interpretive tool in

applying New York's long-arm statute, *Boas & Associates v. Vernier*, 22 A.D.2d 561, 563, 257 N.Y.S.2d 487, 490 (1st Dept. 1965), but has been given constitutional force in several federal and State courts. *See, e.g., Lehigh Valley Industries, Inc. v. Birenbaum*, 527 F.2d 87, 92–93 (2d Cir. 1975); *Wilshire Oil Co. of Texas v. Riffe*, 409 F.2d 1277, 1281–82 (10th Cir. 1969); *State Sec. Ins. Co. v. Frank B. Hall & Co., Inc.*, 530 F. Supp. 94, 97 (N.D. Ill., E.D. 1981); *Idaho Potato Com'n v. Washington Potato Com'n*, 410 F. Supp. 171, 180–84 (D. Idaho 1975); *State ex rel. Miller v. Internal Energy, Etc.*, 324 N.W.2d 707 (Iowa 1982). *Contra, e.g., Columbia Briargate Co. v. First Nat. Bank*, 713 F.2d 1052, 1057–65 (4th Cir. 1983), *cert. denied*, 465 U.S. 1007 (1984); *McGowan Grain, Inc. v. Sanburg*, 403 N.W.2d 340, 350–51 (Neb. 1987). The rationale of the doctrine is "the notion that it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer." *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 902 (2d Cir. 1981).

Nonetheless, *Calder v. Jones*, 465 U.S. 783, 790 (1984), the only United States Supreme Court case involving the fiduciary shield doctrine, makes it clear that the doctrine is not always a constitutional requirement. The two crucial aspects of the *Calder* holding are that (1) the defendants' intentional direction of their acts toward California and their knowledge that their acts would have a "potentially devastating impact" upon the plaintiff there means they must have reasonably anticipated being haled into court there, 465 U.S. at 790; and (2) their status as employees does not automatically shield them from jurisdiction. *Id.* "Each defendant's contacts with the forum state must be assessed individually. In this case, petitioners are primary participants in an alleged wrongdoing intentionally directed at a California resident, and jurisdiction over them is proper on that basis." *Id.*

█ Neither party has discussed any authority that addresses the application of the fiduciary shield doctrine specifically to co-employee suits under the workers' compensation scheme, nor have we found any in any jurisdiction. Whatever the merits of the doctrine may be in general, we believe the doctrine is powerless against the combination of the long-arm statute's linkage of jurisdiction to commission of a tort and the co-employee suit's imposition of liability on the employee for acts done for the employer. This conclusion requires only a brief explanation.

In workers' compensation, the employer surrenders some common law defenses in exchange for immunity against full common law damages. *See generally, Estabrook v. American Hoist & Derrick, Inc.*, 127 N.H. at 168–72, 498 A.2d at 744–47 (discussing the development of workers' compensation law in New Hampshire). Conversely, the employee surrenders some of his damages claims in exchange for a quick, easily obtained partial compensation. *Id.* Co-employee suits permit the victim to seek full compensation and make the actual tortfeasor accountable. 2A LARSON, WORKMEN'S COMPENSATION § 71.10 (1986); *Bilodeau v. Oliver Stores, Inc.*, 116 N.H. 83, 87, 352 A.2d 741, 744 (1976). All suits against co-employees under the workers' compensation scheme derive from actions taken by individuals in the course of their employment, since, by definition, if the injury were inflicted outside the scope of employment, workers' compensation would not pay for it. RSA 281:2, V (Supp. 1986). It is uncontested that a corporate officer is a co-employee. Thus, the tortious acts which subject this defendant to jurisdiction under the long-arm statute are his acts for his employer.

■ The present writ alleges that Wetmore had a duty to provide for the safety of persons working in the plant located in New Hampshire. The defendant does not deny that he was responsible for safety at the Lane plant and admits to having inspected the plant's operations and to having sent written safety materials to the plant. Clearly, such a responsibility and such conduct imply not only that he knew or should have known that his conduct would have a direct, substantial effect on persons such as the plaintiff's decedent, but also that he intended his conduct to have such an effect in New Hampshire. Thus, the defendant's conduct places him in the embrace of both *Tavoularis* and *Calder*. Applying other common considerations in determining *in personam* jurisdiction, we note that the defendant is not unduly inconvenienced by having to defend himself in New Hampshire, as the corporation provides him with transportation and evidence will generally be found in New Hampshire as much as in Connecticut. New Hampshire has a strong interest in providing a forum for its residents to redress injuries they suffer here. *See Cove-Craft Industries v. B. L. Armstrong Co. Ltd.*, 120 N.H. 195, 201, 412 A.2d 1028, 1032 (1980); *McGee v. International Life Ins. Co.*, 355 U.S. 220, 223 (1957). The defendant contends that it would be inequitable to subject corporate officers to personal jurisdiction in every State that has jurisdiction over the corporation. We find nothing inequitable, however, in our State's asserting jurisdiction in a co-

employee suit over the non-resident corporate officer whose own acts for the corporation are the alleged cause of the injury here, so long as the pleadings show that the officer knew or should have known his conduct could have a direct, substantial effect in New Hampshire.

*Affirmed.*

THAYER, J., did not sit; the others concurred.