Edward J. BUCKLEY, Jr.;
Paula P. Buckley

v.

Curtis L. BOURDON; Bourdon
& Bourdon.

Paula Phillipson BUCKLEY, a/k/a
Paula Gordon; Gordon
Management

v.

Coralie GEIWITZ, a/k/a Coral Leigh;
J. Michael Bloom, Ltd.; Heidi
Powers; Judy Klein Karp.

Paula Phillipson BUCKLEY, a/k/a
Paula Gordon; Gordon
Management

v.

Cheryl BEGG, et al.

Civ. A. Nos. 87–225–D, 87–227–D
and 87–228–D.

United States District Court,
D. New Hampshire.

Feb. 11, 1988.

Edward J. Buckley, pro se in Civ. A. No. 87–225–D.

Paula P. Buckley, pro se in Civ. A. Nos. 87–225–D, 87–227–D and 87–228–D.

Roussos & Boeckeler by John C. Boeckeler, Manchester, N.H., for Curtis L. Bourdon.

Burns, Bryant, Hinchey, Cox & Shea by James H. Schulte, Dover, N.H., for defendants in Civ. A. Nos. 87–227–D, 87–228–D.

Cathy Martin, individually and as Guardian of Brian and Kelly Martin, pro se.

## ORDER

DEVINE, Chief Judge.

In these consolidated actions,[1] pro se plaintiffs Edward J. Buckley, Jr., Paula Phillipson Buckley, and Gordon Management sue various defendants for breach of contract, interference with contractual relations, and negligence. Plaintiffs assert jurisdiction under 28 U.S.C. § 1332, alleging diversity of citizenship. Defendants move for dismissal pursuant to Rule 12(b)(2),

Fed.R.Civ.P., alleging that the Court lacks personal jurisdiction over the defendants.

### Factual Background

Plaintiffs Edward and Paula Buckley currently reside in Hanover, New Hampshire. E. Buckley Affidavit at 1. In 1973 plaintiff Paula Buckley founded a child talent agency known as "Gordon Management", which she owned and operated until 1984. Complaint 87–227–D ¶ 10. Gordon Management operated in the states of New York and New Jersey, *id.* ¶ 4, and plaintiffs were residents of New Jersey during its operation, *id.* ¶ 2. In 1984, Paula Buckley allegedly entered into an agreement with defendant Coralie Geiwitz to transfer Gordon Management clients to Ms. Geiwitz's management. *Id.* ¶ 12. Ms. Buckley alleges that Ms. Geiwitz breached this contract when she failed to pay plaintiff commissions for work obtained by plaintiff prior to June 1984. *Id.* ¶¶ 13, 14. At all times relevant to this action, defendant Geiwitz was a resident of New York City and operated her business in the state of New York. Geiwitz Affidavit at 1. Ms. Geiwitz has no business contacts with New Hampshire. *Id.*

In the same action (87–227–D), Ms. Buckley alleges that defendants J. Michael Bloom, Ltd.[2] ("Bloom"), and Heidi Powers, an employee of Bloom, interfered with her contractual relations with Gordon Management clients by encouraging the clients to leave Gordon Management. Bloom is a New York corporation with its principal place of business in New York City. Bloom is licensed to do business only in New York and California, and does no business in the state of New Hampshire. Heffernan Affidavit ¶¶ 3, 4. Defendant Powers is a resident of New York City and has never conducted business in New Hampshire. Powers Affidavit ¶¶ 3, 4. All of the defendants' contacts with Ms. Buckley were in the state of New York. *Id.* ¶ 4; Heffernan Affidavit ¶ 4.

---

1. Pursuant to an Order of the Court dated November 25, 1987, Civil Nos. 87–225–D, 87–227–D, and 87–228–D were consolidated into one action.

2. Actually, the company name is J. Michael Bloom & Associates.

Ms. Buckley also alleges that defendant Judy Klein Karp encouraged plaintiff's clients to leave Gordon Management in September of 1983, at which time Ms. Karp was a resident of New York State, Karp Affidavit ¶ 1, and Ms. Buckley was a resident of New Jersey. Ms. Karp has never conducted business in New Hampshire, and all of the parties' contacts took place in New Jersey and New York. *Id.* ¶¶ 2, 4–6.

In Civil No. 87–228–D, plaintiff Paula Buckley sues twenty former clients of Gordon Management for their alleged failure to pay her commissions for jobs obtained for them by plaintiff. Plaintiff asserts she was a resident of New Jersey when the contracts were entered into and a resident of Vermont when they were breached. Complaint 87–228–D ¶¶ 2, 3. The affidavits of five of the former clients, defendants Kjersgaard, Stanczewski, Begg, Cooper, and Geller, show that all business dealings with plaintiff took place in New York or New Jersey and that none of these defendants have any business or any other type of contacts with New Hampshire.

In Civil No. 87–225–D, plaintiffs Edward and Paula Buckley allege that they retained defendant Curtis Bourdon of the defendant law firm of Bourdon & Bourdon in October 1984 to represent them in their purchase of Vermont real estate, at which time plaintiffs resided in New Jersey and defendants resided in Vermont. Plaintiffs allege that defendants failed to comply with minimum legal standards at the real estate closing, which took place on November 27, 1984. Additionally, plaintiffs state that defendants failed to provide them with a closing statement and title insurance policy, and that in September 1985, when plaintiffs moved to New Hampshire, they still had not received said documents. Plaintiffs allegedly were forced to hire another Vermont attorney to obtain the closing documents. E. Buckley Affidavit at 1.

■ Because defendants have denied personal jurisdiction, plaintiffs have the burden of proving that jurisdiction exists in this court. *Ealing Corp. v. Harrods, Ltd.,* 790 F.2d 978, 979 (1st Cir.1986). Plaintiffs must make a prima facie showing of jurisdiction, supported by specific facts alleged in pleadings, affidavits, and exhibits. *Id.* The Court will construe allegations of jurisdictional facts in the plaintiffs' favor. *Kowalski v. Doherty, Wallace, Pillsbury & Murphy,* 787 F.2d 7, 9 (1st Cir.1986).

■ The Court may assert personal jurisdiction over nonresident defendants only if plaintiffs show that defendants are subject to the applicable long-arm statute and that assertion of jurisdiction comports with the due process or "minimum contacts" requirements of the United States Constitution. *Crosfield Hastech v. Harris Corp.,* 672 F.Supp. 580, 585 (D.N.H.1987) (citing *Kowalski, supra,* 787 F.2d at 9–10). This is a two-step process; the Court need not consider the due process analysis unless the state long-arm criteria have been met. *Kowalski, supra,* 787 F.2d at 10. The New Hampshire long-arm statute, Revised Statutes Annotated ("RSA") 510:4, provides:

I. JURISDICTION. Any person who is not an inhabitant of this state and who, in person or through an agent, *transacts any business within this state, commits a tortious act within this state, or has the ownership, use, or possession of any real or personal property situated in this state* submits himself, or his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from or growing out of the acts enumerated above.

(Emphasis added.) Jurisdiction vests if any of the three acts enumerated in the statute are present. *See, e.g., Kinchla v. Baumer,* 114 N.H. 818, 330 A.2d 112 (1974).

■ In Civil No. 87–227–D, plaintiff Paula Buckley alleges that defendants Geiwitz, Bloom, Powers, and Karp transact business in New Hampshire because they are in the business of hiring or managing actors who appear in television commercials which air nationally and are seen by residents of New Hampshire. Although the New Hampshire Supreme Court has held that RSA 510:4 must "be construed in the broadest legal sense to encompass personal, private and commercial transactions," *Leeper v. Leeper,* 114 N.H. 294, 297, 319

A.2d 626, 628 (1974), it would go beyond the most liberal interpretation of the Supreme Court's admonition to hold that these defendants have transacted business in New Hampshire. The defendants must affirmatively direct some action toward New Hampshire to transact business here, *see, e.g., id.* The national airing of television commercials does not constitute such an affirmative act by these defendants, who are, at best, tenuously connected with the commercials' production. All of the defendants' business dealings with Paula Buckley took place in New York or New Jersey while Ms. Buckley was a New Jersey resident. Because defendants have transacted no business in New Hampshire, they are not subject to RSA 510:4 on this basis.

■ The Court also finds that defendants have not committed any torts in New Hampshire. A nonresident defendant is subject to jurisdiction in this court for tortious acts only when the impact in New Hampshire of the defendant's out-of-state conduct was more than fortuitous, so that the defendant knew or should have known his conduct could injure a person here. *Estabrook v. Wetmore*, 129 N.H. 520, 523, 529 A.2d 956, 958 (1987). Plaintiff has not even alleged that the impact of defendants' conduct was in New Hampshire, inasmuch as she resided in New Jersey and Vermont when the alleged tortious activities took place. And even if plaintiff sustained an injury while she was a New Hampshire resident, such impact could only be considered fortuitous. Defendants Geiwitz and Karp state in their affidavits that they did not know Ms. Buckley lived in New Hampshire until they were served in this action; therefore, they had no way to ascertain that their conduct affected a person in New Hampshire. *See, e.g., Phelps v. Kingston*, 536 A.2d 740, 744 (N.H.Supr.Ct. 1987). Additionally, none of the named

defendants own, use, or possess any real or personal property in New Hampshire.

In sum, plaintiff has not established that the defendants in Civil No. 87–227–D are subject to the New Hampshire long-arm statute. Accordingly, the Court finds they are not subject to the personal jurisdiction of the Court.[3]

■ In Civil No. 87–228–D, the Court also finds that plaintiff Paula Buckley has not established that defendants are subject to RSA 510:4. Ms. Buckley asserts that defendants, former clients of Gordon Management, transact business in New Hampshire by appearing in television commercials that air in New Hampshire. For the reasons set forth above, this activity does not constitute the transaction of business in New Hampshire. The affidavits of defendants Kjersgaad, Stanczewski, Begg, Cooper, and Geller show that all of defendants' contacts with Paula Buckley took place in New York and New Jersey. Although plaintiff alleges she may have lost residual commissions due her since she moved to New Hampshire, this loss only reflects the fact that she resides in New Hampshire, not that defendants transact business here.

Because plaintiff does not allege, and the record does not reflect, that defendants meet the other criteria of the long-arm statute (tortious activity or ownership of property in New Hampshire), the Court finds that the defendants named in Civil No. 87–228–D are not subject to the New Hampshire long-arm statute and therefore are not subject to the jurisdiction of this Court.[4]

Finally, in Civil No. 87–225–D, plaintiffs Edward and Paula Buckley bring a negligence action against Curtis Bourdon, Esq., and the law firm of Bourdon & Bourdon. Plaintiffs allege that the defendants transacted business in New Hampshire because, although defendants represented plaintiffs

---

**3.** Because the Court finds it has no personal jurisdiction under the New Hampshire long-arm statute, it does not address defendants' alternative argument that plaintiffs did not comply with Rule 4, Fed.R.Civ.P., regarding service of process.

**4.** Again, the Court does not reach the issue of whether defendants were properly served pursuant to Rule 4, Fed.R.Civ.P.

in a Vermont real estate transaction, they did not conclude their representation until April 1986, seven months after plaintiffs became New Hampshire residents. Plaintiffs also assert that defendants committed a tort in New Hampshire because Mr. Bourdon knew or should have known that he was representing New Hampshire residents and because plaintiff sustained injury in New Hampshire.

█ The Court finds first that defendants did not transact business in New Hampshire. All of the business transactions involving the closing on the Vermont property took place in Vermont. The fact that plaintiffs moved to New Hampshire while defendants continued their failure to provide documents does not constitute the type of affirmative acts directed toward New Hampshire necessary to find that defendants transact business here. *See, e.g., Leeper, supra,* 114 N.H. at 297, 319 A.2d at 628 (out-of-state defendant's withdrawal of assets from New Hampshire bank constitutes the transaction of business in New Hampshire).

Regarding the allegation that defendants committed a tort in New Hampshire, the Court is guided by the recent New Hampshire Supreme Court decision of *Phelps v. Kingston, supra.* In *Phelps,* a New Hampshire resident sued a Maine dentist for malpractice after developing post-treatment complications. The Court found that although all of the alleged negligent acts occurred in Maine, the injury for which plaintiff sought recovery (the growth of cancer, disfigurement), occurred predominantly in New Hampshire. *Id.,* at 743. The Court reaffirmed the principle that a non-resident defendant may be subject to jurisdiction under the long-arm statute even when only the injury occurs in New Hampshire, as long as the impact here is not fortuitous or unexpected. *Id.* at 743–744 (citing *Tavoularis v. Womer,* 123 N.H. 423, 426, 462 A.2d 110, 112 (1983)). In *Phelps,* the court concluded that the New Hampshire impact was not fortuitous because the defendant solicited business in

New Hampshire and thus could reasonably foresee that injury would occur here. *Id.*

█ In the instant case, most of the alleged tortious activity took place in Vermont at the real estate closing (i.e., conveyance of an unclear title and improper legal advice regarding the Vermont Land Gains Tax). At the time of the closing, plaintiffs were residents of either New Jersey or Vermont, and therefore any injury they sustained had no connection with New Hampshire.

The only act of negligence which plaintiffs claim took place while they were New Hampshire residents was defendants' continued failure to provide them with a closing statement and a title insurance policy. The Court finds that the locus of the injury alleged was Vermont, not New Hampshire. And if, as they allege, plaintiffs had difficulty selling their property because of defendants' actions and had to retain another Vermont attorney to obtain their closing documents, these injuries also occurred in Vermont. *Cf. Kowalski, supra,* 787 F.2d at 8 (tortious injury in a legal malpractice action was the loss of a right to recover in a lawsuit, not the "effect" of the loss on the plaintiff). Even if plaintiffs could show that they sustained some injury in New Hampshire, such impact could only be described as "fortuitous". *See Estabrook, supra,* 129 N.H. at 523–24, 529 A.2d at 958–59. It is only plaintiffs' unilateral act of moving to New Hampshire which forms the basis of defendants' purported contact with the state, an action which defendants could not foresee. Plaintiffs' alleged efforts to inform defendants of their new address after their move to New Hampshire does not alter this conclusion. Therefore, the defendants in Civil No. 87–225–D are not subject to RSA 510:4, and the Court has no personal jurisdiction over them.

█ Plaintiffs in their memorandum of law request that the Court transfer the actions pursuant to 28 U.S.C. § 1406(a) in lieu of dismissal. Actually, 28 U.S.C. § 1404(a) is the appropriate transfer provision.[5] Section 1404(a) provides: "For the

---

5. A prerequisite to transfer under section 1406 is that venue must be improper in the transferor

convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district, or division where it might have been brought."

The Court may transfer an action under section 1404(a) even though it has no personal jurisdiction over the defendants. *United States v. Berkowitz*, 328 F.2d 358, 361 (3d Cir.), *cert. denied*, 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964); *Koehring v. Hyde Const. Co.*, 324 F.2d 295, 297–98 (5th Cir.1963), *cf. Goldlawr v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962) (transfer appropriate under section 1406(a) when transferor court has no personal jurisdiction or venue over the defendants). The Court may transfer on motion of either party or on its own initiative. *Stanley Works v. Globemaster, Inc.*, 400 F.Supp. 1325, 1338 (D.Mass.1975).

█ Regarding Civil No. 87–225–D, the Court finds that the action could have been brought in the District of Vermont. Vermont is the defendants' residence and is the place where the cause of action arose. Additionally, it serves the convenience of the parties to litigate this dispute in Vermont because the defendants reside there and the plaintiffs live in Hanover, New Hampshire, which is on the Vermont–New Hampshire border. Although the parties have not informed the Court of the location of the witnesses or the documentation necessary to present their cases, because the dispute involves a Vermont real estate closing, it is likely that both witnesses and documents are located in Vermont or could easily be transported there. Because transfer of the action, rather than dismissal, serves the ends of justice, and because defendants have not objected to plaintiffs' request for transfer, the Court severs Civil No. 87–225–D from Civil Nos. 87–227–D and 87–228–D and transfers Civil No. 87–225–D to the United States District Court for the District of Vermont.

district. *See* 15 Wright, Miller & Cooper, *Federal Practice and Procedure* ("Wright & Miller") § 3827, at 263–64 (1986). In the instant case, although the Court has no personal jurisdiction over the defendants, venue is appropriate here

█ Regarding Civil Nos. 87–227–D and 87–228–D, which remain consolidated, because there are multiple defendants, transfer under section 1404(a) is improper unless jurisdiction and venue are established as to all defendants. *Ferri v. United Aircraft Corp.*, 357 F.Supp. 814, 816 (D.Conn.1973) (citing *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960)) (and other citations therein). Thus, the transferee district must be one in which all defendants reside or in which the claim arose, 28 U.S.C. § 1391(a), and in which service of process can be had as to all defendants. Wright & Miller, *supra* § 3807, at 79.

In the instant case, the plaintiffs have not apprised the Court of the appropriate district in which the actions "could have been brought", 28 U.S.C. § 1404(a), but instead simply request a "transfer". However, it appears there is not one district to which transfer is appropriate. Some of the defendants reside in New York, and some in New Jersey. Additionally, it appears that the claims may have arisen in either New York or New Jersey, depending on the particular defendant. Because plaintiff has not established the district to which transfer is appropriate, the Court dismisses Civil Nos. 87–227–D and 87–228–D.

In summary, in Civil No. 87–225–D, the Court finds it lacks personal jurisdiction over the defendants, but denies defendants' motion to dismiss (document no. 6), and instead transfers the action to the United States District Court for the District of Vermont. In Civil No. 87–227–D, the Court grants the motions to dismiss for lack of personal jurisdiction of defendants Geiwitz, Bloom, Powers, and Karp (respectively, documents no. 22, 14, 14, and 13). In Civil No. 87–228–D, the Court grants the motion to dismiss (document no. 10) for lack of personal jurisdiction as to all defendants. The dismissals of Civil Nos. 87–227–D and 87–228–D are granted without prejudice to

under 28 U.S.C. § 1391(a), which provides that in diversity actions suit may be brought where *all plaintiffs* or all defendants reside or where the claim arose.

plaintiffs' right to refile the actions in an appropriate forum.

SO ORDERED.