Poitras v. Greenberg                    CV-96-468-JD  05/23/97

UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Russell L. Poitras

        v.                                Civil No. 96-468-JD

William B. Greenberg,
d/b/a Greenberg Engineering Co.


                           O R D E R


     The plaintiff, Russell Poitras, brought this action against

the pro se defendant, William Greenberg d/b/a Greenberg

Engineering Co., seeking damages related to an injury Poitras

sustained while using a cable insulation stripping machine

manufactured by the defendant.  Before the court is the

defendant's motion to dismiss for lack of personal jurisdiction

(document no. 2).


                          Background

     On June 26, 1995, the plaintiff, a New Hampshire resident,

was injured while operating a cable insulation stripping machine

designed, manufactured, and sold by the defendant, a Pennsylvania

citizen.  The plaintiff sustained the injury in Hanover, New

Hampshire, while working for Janci Metal Recyclng, Inc.  Janci

obtained the machine from George Apkin & Sons, Inc., a

Massachusetts corporation, which obtained the machine either

directly or indirectly from Kirchenbaum, Inc., a New York corporation, which purchased the machine from the defendant in 1974.

The defendant's advertising indicates that the Greenberg Engineering Co. has manufactured items for and served as a consultant to nonferrous metal recycling industries since 1935. The defendant also has represented that some of the machines his company manufactured as far back as 1940 are still in use today. During the last five years, the defendant has consistently placed advertisements for his cable stripper in the national trade publications American Metal Market, Scrap, and Recycling Today.

The defendant has attested that he has never been a resident of, worked in, or received income from New Hampshire; that he has never done any business in New Hampshire and is not licensed to do so; that he has never sold or shipped equipment to New Hampshire; that he has no business connections, distributors, agents, or offices in New Hampshire; that he never "had an inquiry and then quoted a prospective customer in New Hampshire"; and that he never aimed advertising specifically at New Hampshire.

## Discussion

The defendant contends that dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(2) because the court's exercise of personal jurisdiction would offend both the New Hampshire long-arm statute applicable to individuals, N.H. Rev. Stat. Ann. ("RSA") § 510:4(I), and the Due Process Clause of the United States Constitution. The plaintiff disputes these assertions, arguing that the plaintiff's injury in New Hampshire satisfies the long-arm statute, and that the defendant's placement of goods in the stream of commerce, combined with his efforts to reach a national market, including New Hampshire, satisfy the minimum contacts standard.

Where, as here, the facts concerning the court's exercise of personal jurisdiction are not in dispute, the "preferred" method of deciding a motion to dismiss for lack of personal jurisdiction is the "prima facie" approach. See Faigin v. Kelly, 919 F. Supp. 526, 529 (D.N.H. 1996). Under this method, the plaintiff has the burden of demonstrating facts sufficient to raise a reasonable inference that the court has personal jurisdiction over the defendant. See, e.g., Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992). The plaintiff may establish jurisdiction through specific facts alleged in the pleadings, affidavits, and exhibits. See id. The decision to exercise

3

jurisdiction based on a prima facie showing is provisional, for if a district court "applies the prima facie standard and denies the motion to dismiss, it is implicitly, if not explicitly, ordering 'that hearing and determination [of the motion to dismiss] be deferred until the trial.'" Id. at 676 (quoting Fed. R. Civ. P. 12(d)) (alteration in original).

Specific personal jurisdiction[1] over a defendant may be appropriate when the cause of action arises directly out of, or relates to, the defendant's contacts with the forum state. See Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 206 (1st Cir. 1994); United Elec. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088-89 (1st Cir. 1992). In determining whether specific

---

[1]In responding to the instant motion, the plaintiff has neither distinguished between specific and general jurisdiction nor indicated which theory of personal jurisdiction he believes is appropriate. See generally, Donatelli v. National Hockey League, 893 F.2d 459, 462-63 (1st Cir. 1990) (distinguishing between general and specific jurisdiction). However, the defendant's contacts with New Hampshire clearly are insufficient to establish "continuous and systematic activity" in the state. United Elec. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 & n.9 (1984)); see, e.g., Bennett v. Jack Dennis Whitewater Trips, 925 F. Supp. 889, 895 (D. Mass. 1996) (Wyoming rafting expedition coordinator not subject to general jurisdiction in Massachusetts on basis of Massachusetts travel agent's offering of rafting trip as part of larger group package or on basis of advertising found in tour book available through American Automobile Association in Massachusetts). Accordingly, the court confines its analysis to the question of whether the plaintiff has made a prima facie demonstration of specific jurisdiction over his claims in New Hampshire.

4

personal jurisdiction is proper, the court initially determines whether the applicable long-arm statute is satisfied, and then determines whether the exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See, e.g., Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995). Here, because the applicable New Hampshire long-arm statute, RSA § 510:4(I) confers jurisdiction over defendants whose out-of-state activity results in foreseeable injury within New Hampshire, see Estabrook v. Wetmore, 129 N.H. 520, 523, 529 A.2d 956, 958 (1987), and because the statute "affords jurisdiction over foreign defendants 'to the full extent that the statutory language and due process will allow,'" Phelps v. Kingston, 130 N.H. 166, 171, 536 A.2d 740, 742 (1987), the court need only consider whether the exercise of jurisdiction is consistent with the Due Process Clause. See Sawtelle, 70 F.3d at 1388.

The First Circuit has identified three areas of inquiry for determining whether a defendant has sufficient contacts with a forum state to exercise specific personal jurisdiction over the defendant in that state. First, the plaintiff must allege that the claim underlying the litigation directly arises out of, or relates to, activity directed at the forum state. See Ticketmaster, 26 F.3d at 206. To satisfy this requirement, the

5

defendant's forum-state contacts must form an important or material element of proof in the plaintiff's case.  United Elec. Workers, 960 F.2d at 1089.  The First Circuit has analogized this requirement to the causation requirement in tort law, and has suggested that it requires a showing of both but-for and proximate causation, i.e., "that the injury would not have occurred 'but for' the defendant's forum-state activity," and that "the defendant's in-state conduct gave birth to the cause of action."  Id.; see Nowak v. Tak How Invs., Ltd. 94 F.3d 708, 715 (1st Cir. 1996) (adopting proximate cause standard, but noting that strict adherence thereto may be unnecessarily restrictive), cert. denied, 117 S. Ct. 1333 (1997).

Second, the plaintiff must show that "the defendant's in-state contacts . . . represent a purposeful availment of the privilege of conducting activities within the forum state, thereby invoking the benefits and protection of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable."  United Elec. Workers, 960 F.2d at 1089; see also Sawtelle, 70 F.3d at 1393 (cornerstones upon which purposeful availment rest are voluntariness and foreseeability).  In assessing the question of whether a manufacturer of a product has subjected itself to jurisdiction in a state by injecting the product into the stream of commerce reaching that state, the

6

First Circuit has cautioned that "mere awareness that a product may end up in the forum state does not constitute purposeful availment." Boit, 967 F.2d at 683 (quotation marks omitted). Rather, to rise to the level of purposeful availment, injection of a product into the stream of commerce must be accompanied by, inter alia, evidence that the product is designed specifically for use in the forum state, advertising in the forum state, establishment of channels for providing regular advice to customers in the forum state, or marketing of the product through a distributor who agrees to serve as the manufacturer's sales agent in the forum state. See id. (citing Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102, 112 (1987)); see also Sawtelle, 70 F.3d at 1393 (law firm's placement of general statement in Martindale-Hubbell legal directory did not constitute targeting of New Hampshire); Bennett, 925 F. Supp. at 897 (rafting expedition company's listing in AAA tour book of Wyoming did not constitute purposeful availment of benefits and protections of Massachusetts law).

Finally, even if the plaintiff succeeds in establishing relatedness and purposeful availment, the defendant may still avoid the exercise of jurisdiction if allowing the action to proceed would be "inconsistent with fair play and substantial justice." Ticketmaster, 26 F.3d at 209-10; see also United Elec.

7

<u>Workers</u>, 960 F.2d at 1089.  This determination involves consideration of the "gestalt" factors -- five criteria identified by the United States Supreme Court as relevant in determining whether asserting personal jurisdiction over a defendant is fundamentally fair -- in light of the strength or weakness of the relatedness and purposeful availment demonstrations.[2]  <u>See</u> <u>Ticketmaster</u>, 26 F.3d at 209-10.  The gestalt factors are

> (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

<u>United Elec. Workers</u>, 960 F.2d at 1088 (<u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 477 (1985)).

The Court begins its analysis by identifying which, if any, of the defendant's contacts with New Hampshire rise to the level of purposeful availment.  <u>See</u> <u>Burger King Corp. v. Rudzewicz</u>, 471

---

[2]The First Circuit has made clear that a weak demonstration of relatedness or purposeful activity will be relevant in the third prong of the inquiry, <u>i.e.</u>, whether exercising jurisdiction over the defendant comports with traditional notions of fair play and substantial justice.  <u>See</u> <u>Ticketmaster</u>, 26 F.3d at 210.  However, a complete failure to demonstrate relatedness or purposeful availment does not merely "carry over" into the third part of the inquiry.  Rather, such a failure is dispositive of the jurisdictional issue.  <u>See</u> <u>id.</u> at 207 (permitting the court to "dismiss a . . . case for lack of relatedness <u>per</u> <u>se</u>").

8

U.S. 462, 472 (1985) (exercise of jurisdiction warranted if defendant has purposefully directed his own activities at residents of forum state and litigation results from injuries that arise out of or relate to these same activities). Significantly, the defendant has neither sold in nor shipped to New Hampshire his cable insulation stripping machine. This factor suggests that the defendant did not voluntarily direct his conduct toward New Hampshire and therefore militates heavily against a finding of purposeful availment. See Boit, 967 F.2d at 683 (manufacturer's sale of product to distributor, which in turn sold the product to Maine, did not evince intent to serve Maine market). To be sure, the record also indicates that the defendant has sold his product in interstate commerce for more than fifty years and that he has advertised the product on a consistent basis in trade publications that reach New Hampshire. This evidence satisfies the "injection into interstate commerce plus" standard articulated in Boit and Asahi. However, the court does not understand those cases to stand for the proposition that injection into interstate commerce plus any quantum of advertising, no matter how insignificant, is sufficient to constitute purposeful availment. Here, there is no indication in the record that the advertisements for the defendant's product, which appeared in nationally available trade publications, were

9

specifically targeted at New Hampshire residents. See Dalmau Rodriguez v. Hughes Aircraft Co., 781 F.2d 9, 15 (1st Cir. 1986) (mere placement of advertisement in trade magazine did not suggest that defendant had aimed advertising at Puerto Rico). In addition, the plaintiff has failed even to allege that his use of the product is traceable to the defendant's advertising. See Sawtelle, 70 F.3d at 1393 (noting plaintiff's lack of reliance on defendant's Martindale-Hubbell listing in concluding that listing did not constitute purposeful availment); Bennett, 925 F. Supp. at 896, 897 (purposeful availment of privilege of conducting business in Massachusetts not satisfied through defendant's AAA listing where plaintiffs did not read listing prior to lawsuit and only came into conduct with defendant as a result of defendant's activities in Wyoming). Consideration of these factors leads the court to conclude that the defendant's 1974 sale of an item that eventually wound up in New Hampshire, coupled with advertising that reached but was not targeted at New Hampshire, does not constitute purposeful availment of the privilege of conducting business in New Hampshire.

In light of the plaintiff's failure to make out a prima facie showing of purposeful availment, the court need not address relatedness or the gestalt factors. See Ticketmaster, 26 F.3d at

10

207.  The plaintiff's claims must be dismissed for lack of personal jurisdiction over the defendant.

## Conclusion

The defendant's motion to dismiss for lack of personal jurisdiction (document no. 2) is granted.  The clerk is ordered to close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

May 23, 1997

cc:  Joseph F. Daschbach, Esquire
     William B. Greenberg, pro se

11