American v. Hayhurst, et al.          CV-98-126-M   06/23/99
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE

American Association of
Naturopathic Physicians,
        Plaintiff

        v.                                      Civil No. 98-126-M

Donald Hayhurst and
American Naturopathic
Medical Association,
        Defendants


                            **O R D E R**


        Plaintiff brings this diversity action seeking damages from

defendants for alleged acts of conspiracy, malicious prosecution,

and abuse of process arising out of a case prosecuted by

defendant Hayhurst in this court (Hayhurst v. Timberlake, et al.,

No. 94-199-SD) and ten similar cases pursued by defendants in

various other jurisdictions.  Defendant Hayhurst moves to

dismiss, alleging that the court lacks personal jurisdiction over

him and that this forum is an improper venue.  See Fed. R. Civ.

P. 12(b)(2) and (3).  Plaintiff objects.  For the reasons set

forth below, defendant's motion is denied.

I.    Personal Jurisdiction.

The relevant inquiry when assessing personal jurisdiction over a defendant is well established.  See generally Sawtell v. Farrell, No. 94-392 (D.N.H. April 28, 1995), aff'd, 70 F.3d 1381 (1st Cir. 1995).  When, as here, personal jurisdiction is contested, the plaintiff bears the burden of establishing that the court has such jurisdiction.  See Kowalski v. Doherty, Wallace, Pillsbury & Murphy, 787 F.2d 7, 8 (1st Cir. 1986).  Allegations of jurisdictional facts are construed in the plaintiff's favor, see Buckley v. Bourdon, 682 F.Supp. 95, 98 (D.N.H. 1988), and, if the court proceeds based upon the written submissions of the parties without an evidentiary hearing, the plaintiff need only make a prima facie showing that jurisdiction exists.  See Kowalski, 787 F.2d at 8; Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 674-75 (1st Cir. 1992).

In support of its assertion that this court may properly exercise jurisdiction over Hayhurst, plaintiff points out that Hayhurst has: actively lobbied elected officials in New Hampshire on various issues relating to the licensing of naturopathic physicians; directed numerous telephone calls and letters to this jurisdiction in support of those efforts; and engaged a New Hampshire attorney to advise him on such matters as well as the

2

legality of certain proposed bills before the New Hampshire legislature. <u>See generally</u> Deposition testimony of Donald Hayhurst, attached to plaintiff's objection to motion to dismiss (document no. 46). <u>See also</u> <u>Sawtelle</u>, 70 F.3d at 1388-96. Additionally, Hayhurst prosecuted a civil case against plaintiff in this forum which arose directly out of his lobbying efforts before the New Hampshire legislature.[1]

Based upon the record before it, the court concludes that plaintiff has made a <u>prima facie</u> showing that the claims underlying this litigation arise out of, and relate to, defendant's activities within this forum. Plaintiff has also shown that Hayhurst has purposefully availed himself of the privilege of conducting business in New Hampshire and invoked the benefits and protections of New Hampshire law. Finally, there is nothing to suggest that the exercise of jurisdiction over defendant would, under the so-called "Gestalt factors" identified by the court of appeals, be anything short of reasonable. Hayhurst has adequate "minimum contacts" with the State of New

---

[1] In that earlier litigation, Hayhurst apparently alleged that plaintiff (and others) had, among other things, defamed him during the course of their efforts to counter his New Hampshire lobbying efforts. Plaintiff represents that Hayhurst has prosecuted at least ten similar suits against it in other jurisdictions, including Connecticut, California, Kansas, Arizona, Oregon, and the District of Columbia.

Hampshire such that the exercise of personal jurisdiction over him would not be inconsistent with constitutional guarantees of due process and principles of fundamental fairness. It certainly cannot be said that Hayhurst did not (or should not) reasonably expect that he might be haled into court in this forum to answer for his allegedly wrongful conduct in this jurisdiction.

II. Improper Forum.

Hayhurst also moves to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(3), alleging that New Hampshire is an improper venue in which to litigate plaintiff's claims. Under the circumstances of this case, New Hampshire is an appropriate venue if "a substantial part of the events or omissions giving rise to the claim occurred" in this forum. 28 U.S.C. § 1391(a)(2). Based upon the record before the court, it is apparent that a substantial number of the events giving rise to plaintiff's claims did, in fact, occur in this forum. Accordingly, defendant's motion to dismiss based upon improper forum is denied.

## Conclusion

For the foregoing reasons, defendant Hayhurst's motion to dismiss (document no. 45) is denied.

4

**SO ORDERED.**

                                  _____
                                  Steven J. McAuliffe
                                  United States District Judge

June 23, 1999

cc:  Robert A. Backus, Esq.
      Donald C. Hayhurst