Curran, Dennis J., J.
The defendant Qian Qiao has moved to dismiss all claims for lack of personal jurisdiction under Mass.R.Civ.P. 12(b)(2).
For the reasons that follow, the defendant’s motion must be DENIED.
In determining whether the plaintiff Hongyu Luo has made a prima facie jurisdictional showing, the court draws factual allegations in the pleadings as true, and construes disputed facts in the light most favorable to the non-moving party (here, the plaintiff).
Factual Background
The record reveals the following facts.
Hongyu Luo alleges that Qian Qiao contacted him in Massachusetts about setting up a business in the United States in May 2010. According to Mr. Luo, Ms. Qiao met with him in Waltham, Massachusetts in July 2010 to discuss details relating to the proposed business, Tao Ceramics, which was to be incorporated in Texas.[1] In September 2010, Mr. Luo received a letter of employment from Tao Ceramics’s President, Hongjun Ren. Mr. Luo signed this letter and sent a copy to Ms. Qiao.
Mr. Luo’s role in the new company was to seek out “sales opportunities” as well as provide “technical services” from his office in Lexington, Massachusetts. Mr. Luo alleges that Ms. Qiao oversaw his sales efforts in her capacity as Treasurer and Chief Executive Officer of Tao Ceramics. Mr. Luo also alleges that he reported to Ms. Qiao on a weekly basis regarding new and existing sales that he had secured for the company. Mr. Luo was terminated in January 2012. Ms. Qiao left Tao Ceramics in December 2012. Mr. Luo subsequently filed a complaint in Massachusetts alleging a failure to pay wages due under his letter of employment, in which he named Ms. Qiao as a defendant. Ms. Qiao has moved to dismiss the claim against her for lack of personal jurisdiction.
DISCUSSION
A Massachusetts court may exercise personal jurisdiction over a non-resident defendant only if the jurisdiction is authorized by the Massachusetts Longarm statute, G.L.c. 223A, §3, and its exercise would not offend the due process clause of the 14th Amendment. Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 204 (1st Cir. 1994). As an initial matter, Ms. Qiao seems to assert that exercising jurisdiction over her personally would be improper since she was merely acting in the scope of her employment as Chief Executive Officer of Tao Ceramics. It is true that jurisdiction over a corporation “does not automatically secure jurisdiction over its officers.” Morris v. Unum Life Ins. Co. of Am., 66 Mass.App.Ct. 716, 720 (2006). Massachusetts courts, however, do not recognize the so-called “fiduciary shield doctrine” as a limitation on exercise of personal jurisdiction over corporate officers. See Farazi v. Caffey, 2007 WL 1630973 at n. 4 (Mass.Super. May 2, 2007) [22 Mass. L. Rptr. 497]. Instead, courts have held that the exercise of personal jurisdiction over a corporate officer acting in the scope of his/her employment is proper when the conduct giving rise to the litigation is entrepreneurial or managerial in nature. Kleinerman v. Morse, 26 Mass.App.Ct. 819, 824 (1989). The conduct of Ms. Qiao was both managerial and entrepreneurial in nature. Ms. Qiao first contacted Mr. Luo and traveled to Massachusetts in the course of starting a business. Afterwards, Ms. Qiao followed-up with Mr. Luo and oversaw his work in Massachusetts in her capacity as Chief Executive Officer, the highest managerial position within a corporation. Accordingly, the inquiry into whether Ms. Qiao’s contacts with Massachusetts supports the exercise of personal jurisdiction in this case must include her conduct as Chief Executive Officer of Tao Ceramics. See Johnson Creative Arts, Inc. v. Wool Masters, Inc., 573 F.Sup. 1106, 1111 (D.Mass. 1983) (court considered conduct of president in planning incorporation, soliciting business, and receiving tele *135 phone orders from Massachusetts retailers in jurisdictional analysis).
A. The Massachusetts Longarm Statute Authorizes Personal Jurisdiction over the Defendant.
The Massachusetts Longarm statute authorizes courts to exercise jurisdiction over non-resident defendants when the defendants have “transact[ed] any business in this commonwealth,” the course of which gave rise to the litigation. G.L.c. 223A, §3{a). The “transacting any business” clause has been construed “broadly.” Tatro, 416 Mass. at 767; quoting Heins v. Wilhelm Loh Wetzlar Optical Mach. GmbH & Co. KG., 26 Mass.App.Ct. 14, 17 (1988). Although an isolated or Incidental transaction with a Massachusetts resident may be insufficient, purposeful and continuous contacts with a Massachusetts resident in the course of business will satisfy the Longarm statute. See Tatro, 416 Mass. at 767. In Tatro, the Supreme Judicial Court found that a California hotel, which had contacted ten Massachusetts companies seeking convention business and then maintained contact with them by telephone and mail, had transacted business within the meaning of the Longarm statute. Id.
Ms. Qiao’s contacts with Mr. Luo in Massachusetts were similarly purposeful, repetitive, and long-running. See Diamond Grp. v. Selective Distribution Int’l, 84 Mass.App.Ct. 545, 550 (2013). Over the course of 15 months, Ms. Qiao allegedly contacted Mr. Luo on a weekly basis regarding his progress on securing sales for Tao Ceramics. If believed, this allegation alone is enough to satisfy the “transacted] any business” requirement of the Massachusetts Longarm statute authorizing jurisdiction over Ms. Qian. In Sonesta Intl. Hotels v. Central Fla. Invs., 47 Mass.App.Ct. 154 (1999), the court found that the defendant’s conduct satisfied the Longarm statute where “there were numerous telephone and written communications sent from the defendant in Florida to the plaintiff in Massachusetts over the course of time.” Id. at 161. The conduct of Ms. Qiao clearly falls within the liberal interpretation courts have given to “transacting any business” requirement of the Longarm statute. Accordingly, this court may proceed to the Constitutional phase of the jurisdictional analysis.
B. The Due Process Clause Allows Jurisdiction over the Defendant.
A court may exercise jurisdiction over a non-resident defendant only if the exercise of jurisdiction is consistent with the due process clause of the 14th Amendment such that “the maintenance of the suit does not offend traditional notions of fair play and substantial justice.” Int’l Shoe Co. v. State of Wash. Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945). The United States Supreme Court has held that due process therefore requires certain “minimum contacts” between the defendant and the forum state. See id. The First Circuit Court of Appeals employs a three-part test to determine whether the constitutionally-required “minimum contacts” exist between a defendant and the forum state: (1) the claims must directly relate to the defendant’s in-state activities; (2) the defendant’s in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state; and (3) the exercise of jurisdiction must be reasonable in light of the Gestalt factors. Abiomed, Inc. v. Turnbull, 379 F.Sup.2d 90, 94 (D.Mass. 2005).
i.Relatedness
The “relatedness” inquiry focuses on whether the current action arises out of the course of conduct committed by the defendant which is similar to the “arises from” requirement of the Longarm statute. See Diamond Grp. 84 Mass.App.Ct. at 554. In interpreting the Longarm statute’s “arising from” clause, courts have applied a “but for test” — but for the defendant’s course of conduct, the plaintiffs injury would not have occurred. See Tatro, 416 Mass. at 770. Applying this test to the facts of this case, we find that but for Ms. Qiao’s purposeful solicitation of Mr. Luo’s services in Massachusetts and her continuous contact after that, Mr. Luo would not have suffered his alleged injury, the non-payment of wages owed under the employment agreement.
ii.Purposeful Availment
The “purposeful availment” test turns on the voluntariness of the contact and the foreseeability of the present action. See Calder v. Jones, 465 U.S. 783, 789-90 (1984). When the defendant “deliberately creates ‘continuing obligations’ between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there” and it is therefore “not unreasonable to require him to submit to the burdens of litigation in that forum as well.” Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985). Ms. Qiao deliberately sought out Mr. Luo for his services and then continued to communicate with him and sent him periodic payments for his services over a fifteen-month period. This is similar to the facts of Diamond Group v. Selective Distribution Int’l in which the Appeals Court found that continuous purchases over a twenty-one-month period from a supplier located in Massachusetts constituted purposeful availment of the privilege of transacting business in Massachusetts. See 84 Mass.App.Ct. 545, 553 (2013); see also Good Hope Indus. v. Ryder Scott Co., 378 Mass. 1, 11 (finding purposeful availment where defendant sent appraisal reports and initiated numerous telephone calls to the plaintiffs at their headquarters in Massachusetts).
iii.Reasonableness in light of Gestalt Factors
Five factors are to be examined which bear upon the fairness of subjecting non-resident defendants to the authority of a foreign tribunal: (1) the defendant’s burden of appearing; (2) the forum state’s interest in *136 adjudicating the dispute; (3) the plaintiffs interest in obtaining convenient and effective relief; (4) the judicial system’s interest in obtaining the most effective resolution of the controversy; and finally, (5) the common interests of all sovereigns in promoting substantive social policies. See Burger King Corp. 471 U.S. at 477; Sawtelle v. Farrell, 70 F.3d 1381, 1391 (1st Cir. 1995).
The First Circuit requires that the burden to the defendants be “special” or “unusual” before it violates the defendant’s due process protections. See Sawtelle, 70 F.3d at 1395. In considering whether the burden on Ms. Qiao of appearing in Massachusetts would be unusual, the “fiduciary shield doctrine” becomes relevant. All of Ms. Qiao’s contacts with Massachusetts were made while she was acting entirely within the scope of her employment with Tao Ceramics and Ms. Qiao no longer works for Tao Ceramics. If Mr. Luo lived in New Hampshire or Connecticut, he would likely be unable to sustain his claim against Ms. Qiao personally due to the “fiduciary shield doctrine.” See Estabrook v. Wetmore, 129 N.H. 520, 523 (1987) (affirming “fiduciary shield doctrine”); W. State Mech., Inc. v. Paramount Health Res., Inc., 2008 WL 809021 (Conn.Super.Ct. Mar. 12, 2008) [45 Conn. L. Rptr. 178] (applying the “fiduciary shield doctrine”). Most notably, if the location of the parties were switched and Tao Ceramics were a Massachusetts corporation and Mr. Luo were a Texas resident who filed suit in Texas, that court would have to dismiss the claim against Ms. Qiao based on the “fiduciary shield doctrine.” Admiral Ins. Co., Inc. v. Briggs, 2002 WL 1461911 (N.D.Tex. July 2, 2002) (applying the “fiduciary shield doctrine”). This observation presents a vexing question, namely, does the fact that Massachusetts law allows the exercise of jurisdiction in a situation in which other state courts could not exercise jurisdiction present an “unusual” burden for Ms. Qiao which would implicate her Constitutional rights to due process?[2]
This Court need not answer this question to satisfy the “reasonableness” test since the remainder of the Gestalt factors cut so decisively in favor of exercising jurisdiction over Ms. Qiao in this claim. Most importantly, Massachusetts has a strong interest in ensuring that those who purposefully transact business in Massachusetts comply with Massachusetts law. Massachusetts labor and wage standards would not provide Massachusetts residents with effective protection if they could not be enforced against non-resident defendants. See generally Okeke et al. v. Dynamex Operations East, Inc. et al., Memorandum of Decision and Order (paper no. 33), MICV2010-2017-F. Massachusetts also has a manifest interest in ensuring that its residents have a convenient forum for redressing injuries inflicted by out-of-state actors. Tatro, 416 Mass. at 773. Furthermore, Mr. Luo is suing under G.L.c. 149, §§148 & 150 and it should be Massachusetts courts applying Massachusetts law. See Digital Equipment Corp. v. AltaVista Technology, Inc., 960 F.Sup. 456, 471 (D.Mass. 1997) (applying Massachusetts contract law). In the totality of the circumstances, exercising personal jurisdiction over Ms. Qiao is reasonable in light of the Gestalt factors. See Burger King, 471 U.S. at 477.
ORDER
For these reasons, the defendant Qian Qiao’s motion to dismiss the complaint for lack of personal jurisdiction is DENIED.

It appears that the initial name for the business was Evergreen Ceramics Ltd., however the name and corporate form of the business entity which formed the alleged contract with Luo is not relevant to the current motion.

Courts in these states are not in agreement on whether the “fiduciary shield doctrine” limits the exercise of jurisdiction under the states’ longarm statute or the Constitution.